# THE TRUSTEES OF THE FIRST CONGREGATIONAL CHURCH

## *v.*

## ROBERT STEWART.

1. TRUSTEES — *ownership of property in trust.* The title to trust property vests in the trustees for the use of the beneficiaries, and the law empowers them, and imposes it on them as a duty, to use all reasonable and lawful means to execute the trust reposed in them. And, where the right of property is invaded, and its enjoyment by the beneficiaries is prevented, it is their duty to employ all legal means to protect the beneficiaries in its enjoyment.

2. SAME — *church property — who may occupy it.* Where property is held by trustees for the exclusive use of a particular organization, that body have the right to enjoy it, according to the usages of the church. Even the trustees, much less others, have no power to pervert it to other uses, except in the usual mode of transferring such property. And any attempt to do so may be restrained. Such a body has the right to use it for the purpose of worship, according to the rules for the government of the church. And they have the right to have such worship performed in the manner and by persons designated by the rules and tenets of the church.

3. SAME — *intrusion by other persons.* Other persons cannot lawfully intrude upon such rights. Persons not selected in the mode prescribed by the regulations for the church government, have no right to force themselves into the church, and officiate or conduct the religious exercises; and any one doing so acts in violation of law.

4. DEMURRER — *to bill, admits its truth.* A demurrer admits the truth of a bill. And when it stands admitted that a defendant has no right to officiate as the minister of a church, and has not been engaged for the purpose, and that he is determined to continue to do so in the future unless prevented by force, he may be restrained from the performance of such acts. And, notwithstanding there may be a legal remedy, still, it is not adequate to afford complete relief, as there is no measure of the damages sustained by being deprived of the privilege of worshipping as they prefer. A recovery for the trespass would not cover the whole amount of the damages sustained.

5. RELIGIOUS CONGREGATION — *their rights.* A congregation of religious persons cannot be forced to accept the ministrations of a clergyman not chosen according to the usages of their church, and when a person attempts to force himself upon them they may maintain a bill to restrain such acts.

APPEAL from the Circuit Court of Bond county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

6 — 43D ILL.

This was a bill in chancery, filed by the Trustees of the First Congregational Church, in the Bond Circuit Court, against Robert Stewart. The bill alleges that the church is legally incorporated according to law, and that the complainants, as trustees, are entitled to the possession of the church edifice and are in possession of the key to the same; that defendant on different occasions forcibly and against their will and without authority did usurp the right to, and did officiate as the pastor and minister of, the church, contrary to the wishes of a majority of the congregation of the church; that he declared his intention to do so in the future for the next three years unless prevented by physical force.

It further alleges that he had not been hired or employed to act as pastor; that he is neither a member nor a minister of the church, and has no legal or equitable right to act or officiate as such; that the church is unable to procure the services of a minister by reason of defendant's claim of the right to officiate.

The bill prays that defendant may be restrained and enjoined from further acting as such pastor and from further forcibly entering the church. The master granted a temporary injunction. At the return term the defendant filed a demurrer which was sustained by the court and a decree rendered dismissing the bill. To reverse the decree complainants bring the case to this court by appeal.

Messrs. METCALF & GILLESPIE, for the appellants.

The only question presented in this case is this: Admitting the facts alleged in the bill, has a court of equity the right to interfere by way of injunction? If the court decides that a court of equity has jurisdiction on the facts presented in the bill, then the decree of the court below will have to be reversed and cause remanded.

Equity will interfere in cases where the remedy at law is not full and complete, and the amount of damages that might be recovered at law would relieve the parties or be an equivalent for the deprivation of the right set forth in the bill. The

appellee threatens in this case to officiate as such pastor, unless restrained by physical force; in other words, he threatens to commit repeated trespasses. As Justice Story well observes: "Formerly, indeed, courts of equity were extremely reluctant to interfere at all, even in regard to cases of repeated trespasses; but now there is not the slightest hesitation, if the acts done, or threatened to be done, to the property, would be ruinous or irreparable, or would impair the just enjoyment of the property in the future. If, indeed, courts of equity did not interfere in cases of this sort, there would (as has been truly said) be a great failure of justice in the country." Story Eq. Jur. § 928, note 3, and case there cited; *Hanson* v. *Gardiner*, 7 Ves. 310, 311; *Thomas* v. *Oakley*, 18 id. 184.

Equity will interfere for the purpose of preventing a multiplicity of suits and interminable litigation, and in this case suits would have to be brought for trespass committed on each Sabbath day; there would have to be a suit every week; certainly equity would interfere. Story Eq. Jur. § 925.

Now, as to the question of damages to be recovered in each of these suits. It would be no equivalent, for all that could be recovered would be for the damage done to the building, while a congregation would be deprived, by the acts of appellee, of the use of the church for divine worship, as is alleged in bill.

Messrs. DALE & BURNETT, for the appellee.

There is no equity in this bill. Admitting the facts therein to be true, appellants have a complete remedy at law.

Courts of equity will not interfere to restrain the commission of a mere trespass.

If the facts stated in this bill were true, appellee was liable to prosecution under section 147 of the Criminal Code. Scates' Comp. p. 400.

Where a party has a remedy at law, an injunction will not lie. Hilliard on Injunctions, § 23; *Pusey* v. *Wright*, 31 Penn. 396; *Miller et al.* v. *English*, 2 Halstead's Ch. (N. H.) 306.

On a question between two bodies, each claiming to be the trustees of a religious society, and a refusal by one to permit

HARVARD LAW LIBRARY

the other to use the burying grounds, a forcible entry by the latter for that purpose, on several occasions, was not held to be ground for an injunction. *Miller* v. *English*, 2 Halstead's Ch. 306.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is admitted both by the demurrer, and in argument, that appellants own the property as trustees of the church. This being so, the legal title is vested in them, to be held for the benefit of the *cestuis que use*. And they are empowered by the law, and it is their duty, to use all reasonable and lawful means to execute the trust reposed in them. And, where the right of property is wrongfully invaded, and the enjoyment of the property by the beneficiaries, or any portion of them, is prevented, according to the uses and trusts declared, it becomes the duty of the trustees to employ all necessary legal means to protect them in the enjoyment of the right.

This property was set apart exclusively for the use of the particular organization, for church purposes; and the body have the right to enjoy it, in the mode and according to the usages of the organization. The trustees of the organization itself, or others, have no right to pervert its use contrary to the recognized mode of transferring it to other purposes; and any attempt to do so may be restrained. This body has unquestionably the right to use the property for the purposes of worship, according to the rules for the government of the church; and they have the undoubted right to have religious exercises performed in the manner, and by the persons, designated by the rules and tenets governing the organization.

Nor can others lawfully intrude upon those rights. Persons not selected in the mode prescribed by the church organization have no right to force themselves into their church, and to officiate or conduct the religious exercises of the church; and this is true, whether it be at stated or other periods of worship. Any one doing so, acts in violation of law, and in disregard of the rights of others.

The demurrer, in this case, admits, that appellee has no legal or equitable right to officiate as minister in this church; that he has not been employed for that purpose, and that he is determined to exercise that office to the church unless prevented by force, for three years, to elapse from the time this bill was filed. It is, however, contended, that, although he may have violated the law, and may have committed a trespass, and may intend to commit others, and thus deprive the church of its rights, he is amenable to the courts of law, and not to a court of equity. It is admitted, and such is the undoubted rule of law, that equity may assume jurisdiction even in cases where the law affords a remedy, for the purpose of preventing a multiplicity of suits, or irreparable injury from repeated trespasses. It is, however, urged, that the facts in this case do not bring it within this rule; that, for breaking, entering and occupying this building, damages may be recovered by an action at law, and the same remedy may be applied for each repetition of the trespass. This may be true, and yet there still not be a complete remedy. By what standard can the injury resulting from a deprivation of the exercise of religious privileges and the enjoyment of religious worship be measured? We are aware of no such rule, nor can we imagine one that could exist.

Nor is it an answer to say, that the congregation can enjoy all of the privileges under the ministrations of appellee. Unless they are satisfied with his worship, it would not be worship to them. But, inasmuch as this house is only used at regular recurring periods, and appellee has deprived the congregation of their right to use it on such occasions, and expresses a determination to do so in the future, for a long period to come, we think that a court of equity may take jurisdiction, and restrain the commission of future trespasses, and thereby prevent a multiplicity of suits; and especially so, when repetition of such acts as are charged in the bill, and admitted by the demurrer, are so highly calculated to lead to force and the breach of the peace. We therefore must hold, that the demurrer was improperly sustained to the bill, and that the decree of

the court below must be reversed, and the cause remanded, with leave to appellee to answer the bill, and to establish any legal right he may have to perform the acts from which he insists he should not be enjoined.

*Decree reversed.*