## THE ADA STREET METHODIST EPISCOPAL CHURCH

*v.*

## GEORGE O. GARNSEY.

1  RELIGIOUS SOCIETY—*must sue and be sued through its trustees.* Religious societies incorporated under the provisions of the Revised Statutes of 1845 and the act of 1855, relating to such bodies, can only sue by their trustees and be reached by suit only through their trustees. As a church, they can not sue or be sued, but actions by or against them must be brought by or against the trustees.

2.  SAME—*waiver of objection as to the style by which corporation is sued.* Where a religious society, incorporated under the laws of this State, was sued as The Ada Street Methodist Episcopal Church, instead of as the trustees of such church, but failed to take advantage of the objection in the court below: *Held*, that the objection could not be taken on appeal.

3.  CONTRACT—*to pay for plans upon a condition.* Where various plans were drawn and presented for a church building, and that of the plaintiff was accepted by the defendants upon condition that the building on the plaintiff's plans could be built for a certain sum, and when it was ascertained that it could not be built for such sum the plans were rejected, and the evidence failed to show any promise to pay for the plans: *Held*, that the plaintiff was not entitled to recover for making the plans.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Messrs. KING, SCOTT & PAYSON, for the appellant.

Mr. CONSIDER H. WILLETT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Cook circuit court, resulting in a verdict and judgment for the plaintiff. The defendants, a religious corporation, appeal and assign several errors. The first is, the suit should have been brought against the trustees of the church defending.

The act respecting religious societies provides that such society or congregation may assume a name and elect or appoint

any number of trustees not exceeding ten, who shall be styled trustees of such society or congregation by the name assumed, and the title to the land purchased and improvements made shall be vested in the trustees by the name and style assumed aforesaid.  R. S. 1845.

By section 2 of the act of 1855, it is provided that the persons elected under the above law in the capacity of trustees, whether known by the name of trustees, wardens, vestrymen, or any other name, may assume and continue to use the name, style or description as a corporation by which they are known in the discipline or organization of the society to which they belong or by which they are elected, and shall by such name be known and described in all matters pertaining to their said corporation.   Laws of 1855, p. 171.

From this legislation, we are of opinion that religious societies incorporated under the laws cited can only sue by their trustees, and be reached by suit only through their trustees. An instance of the former is found in 43 Ill. 81, *Trustees of First Congregational Church* v. *Stewart.*   We have been unable to find any case in which the church, by its corporate name, has sued or been sued.

By the forty-fourth section of the act of 1845, the title to the church lands is in the trustees; by the forty-sixth they have perpetual succession and existence, and the title to buildings and improvements, as well as the land, is vested in the trustees by their assumed name and their successors forever; and by that section they are made capable in law to sue and be sued, implead and be impleaded, answer and be answered unto, defend and be defended, in all courts of law or equity whatsoever, in and by the name and style assumed as aforesaid.

The question is, what is that assumed name and style? The answer is, The Trustees of the Ada Street Methodist Episcopal Church.

We can perceive no difference in principle between this case and *Marsh* v. *Astoria Lodge No.* 112, *I. O. O. F.*, 27 Ill. 421.

There is this difference, that action was brought by the lodge as a corporation, to which there was a plea of *nul tiel corporation.* In this, the defendants are not sued as a corporation, but as a church. As a church they can not sue or be sued. Actions by or against them must be brought by or against the trustees.

The defendants, however, failing to take advantage of this objection in the court below, can not now avail of it here.

The next point made is, that the verdict is contrary to the evidence, and in this we entirely concur.

We have examined the record with great care, and can not discover that the plans of plaintiff were ever accepted unconditionally. There is no conflict of testimony on this point. That portion of the evidence which may be said to be disputed must be limited to what Colby, Brown and Culver said to appellee as to acceptance of the plans. The liability of the defendants depended upon the fact of a contract to accept at all events, when the proof is conclusive that the acceptance was conditional, depending upon the fact that the building on appellee's plans could be built for a certain sum. Other architects had submitted plans, but those of appellee were approved provided they could be carried out for a certain specified sum of money. When the fact was ascertained they could not be, all the plans submitted were rejected by the building committee.

The evidence fails to establish a promise to pay for these plans. The verdict is against the great preponderance of the testimony, and it should have been set aside on motion.

For the reasons given, the judgment is reversed.

*Judgment reversed.*