# The African Methodist Episcopal Church

## *v.*

## James McGruder.

PRACTICE—*arrest of judgment.* An objection that a suit brought before a police magistrate was against a church instead of against the trustees of the church, can not be made available on a motion in arrest of judgment in the circuit court.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. E. H. LEACH, for the appellant.

Mr. F. F. COOKE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This suit was originally brought by McGruder, the appellee, against the African Methodist Episcopal Church, before a police magistrate, to recover $1.75 for a load of coal, and $108 for a board bill of a former minister of the church. Judgment was rendered for $1.75 in favor of McGruder, from which he appealed to the circuit court, where he recovered a judgment for $109.75, from which the defendant has taken an appeal to this court.

The first objection taken against the judgment is, that the suit should not have been brought against the church, but against the trustees of the church.

The first time this objection was raised in either of the courts below, was in the circuit court, on motion in arrest of judgment.

Obviously the objection could not be availed of on such motion, the ground of it not appearing on the face of the record.

Ordinarily, a misnomer, if that was the proper objection here, must be pleaded in abatement, and the plea filed at the

earliest practicable moment. If no formal plea in writing was here necessary, the suit being brought before a police magistrate where written pleadings are not required, the objection should certainly have been interposed in some form below at an earlier stage of the suit, than in arrest of judgment. *Ada Street Methodist Church* v. *Garnsey*, 66 Ill. 132.

It is next objected, that the verdict is against the evidence.

The evidence was conflicting; there was sufficient to sustain the verdict, and from an examination of the whole testimony, we do not find that there is such a preponderance against the verdict as to require that it should be disturbed.

It is insisted that the court below erred in giving, at the instance of the appellee, this instruction to the jury:

" The jury are instructed that the several trustees who have testified in this suit are parties to this suit, and this fact is proper for the jury to consider in determining the weight to be given to their evidence."

Two of the witnesses for the defendant testified that they were trustees; and the summons in the suit was served upon one of them. The trustees should have been named as parties to the suit. They doubtless had the same bias, if any, which they would have had, if they had been actually named in the summons as parties to the suit.

The instruction was formally wrong; but we do not consider it liable to such substantial objection as should cause a reversal of the judgment.

The judgment will be affirmed.

*Judgment affirmed.*