THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.,

v.

MARK WARD ET AL.

*Principal and Surety—Constable's Bond—Action on—Secs. 101-2-3,
Chap. 79, R. S.—Pleadings.*

1.   Where, in a given case, one of the plaintiff's replications was not
replied to or traversed, but the trial was proceeded with as if issue had
been taken thereon, a formal rejoinder is thereby waived.

2.   Where, in such case, the plaintiff desires to have a rejoinder to such
replication, he may obtain a rule on the defendant, and on failure to com-
ply, have judgment thereon, if the same be good.

3.   In an action brought upon a constable's bond to recover the value of
certain property levied upon by him, and sold during the pendency of an
appeal from the judgment of a justice by a person claiming the title thereto,
it being finally decided to be in him, this court holds, that the trial before the
justice was a judicial proceeding and binding upon the judgment creditor
and the officer levying the execution.   That in view of the prayer for appeal
by the claimant within the time provided by law, and the subsequent per-
fection of the appeal, the officer should have stayed his hand until the right
of property could be legally determined in another court; that defendant's
special plea set up no defense to the cause of action as averred in the decla-
ration, and that it was erroneous to exclude from the jury the record evi-
dence to show the prosecution of the trial of the right of property to a final
determination in favor of the claimant.

[Opinion filed September 11, 1891.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. WILLIAM WINKELMANN, for plaintiffs in error.

In Camp v. Ganley, 6 Ill. App. 502, this court say: "It appears that the constable sold the corn levied upon by him one day before he was authorized by law to make the sale. This act makes him a trespasser *ab initio*. An officer becomes a trespasser *ab initio* if he sells on his process more property than is necessary to satisfy the demand, or if he proceeds to sell before the time when, under the statute, he is at liberty to do so." Cooley on Torts, 462; Knight v. Herrin, 48 Maine, 533; Smith v. Gales, 21 Pickering, 55.

In McDonald v. Wilkie et al., 13 Ill. 25, the court say: "A constable is protected in the execution of process issued by a justice of the peace, which shows upon its face that the justice had jurisdiction of the subject-matter, and nothing appears to apprise him that he had no jurisdiction also of the person. If the officer have notice of an excess or want of jurisdiction in the justice to issue the process, he would doubtless render himself liable to acting under it." Freeman on Executions, Sec. 105.

Plaintiff's fifth replication (not replied to or traversed) alleges that after the execution had been levied and a trial of the right of property had before the justice, judgment rendered, appeal pending and undecided, on, to wit, the 25th of July, 1887, the plaintiff and defendant in the execution settled the judgment; that thereupon Elizabeth Hauser, the plaintiff in the execution, withdrew from the case then pending on appeal; and that Constable Ward, in the name of Elizabeth Hauser, prosecuted the appeal in the Circuit and Appellate Courts, and again in the Circuit Court; that he in his own behalf, and without the knowledge and consent of said Hauser, employed counsel, paid them, and the expenses to defend the suit on appeal; that he appeared and testified in the case on behalf of defendant Hauser, and that by these acts Constable Ward made himself a party, not in name, but in fact, to the judgment finding the title to the wheat in Kaem-

merer, and thereby is precluded by the judgment of the Circuit Court.

These allegations admitted of record need no further proof, as is well said in Morris v. Carson, 7 Cowen, 284: "According to the established rules of pleading, every traversable fact in the declaration, not answered by the plea, was admitted, and needs no proof to support it."

In Ward v. Stout et al., 32 Ill. 399, the court say: "One good plea in bar being confessed, for that is the effect when it is not replied to or traversed, operates as a complete bar to the action," etc.

In Williams v. Boyden, 33 Ill. App. 478, the court say: "If the declaration averred a judgment of *retorno*, and the plea put such averment in issue, it was, of course, incumbent on the plaintiff to prove his allegation, as the Supreme Court said: 'The *onus* was on the plaintiff to show a judgment awarding a return of the property, and, having failed to make his proof, he could not have his judgment.'"

Here a different question is presented. The declaration avers a judgment of return, and the plea not having traversed that allegation, it stands admitted on the record, and no proof in support of such allegation was required. In pleading at law, every traversable allegation which is not traversed is admitted. Capital City Mutual Fire Ins. Co. v. Detwiler, 23 Ill. App. 656; Bacon's Abr., title Pleas & Pldg., 459; Hanchett v. Buckley, 27 Ill. App. 159.

If, then, no record of the judgment had been introduced, the fact that a judgment of *retorno* had been rendered stood conclusively proved for the purpose of the trial. Was the condition changed by the plaintiff's introducing a transcript of a judgment order which did not show a judgment of *retorno?* We think not; *non constat*, that such judgment of *retorno* was not entered during the term. But further, the jury were bound to find that issue as it was admitted by the pleadings, or rather, that issue having been settled by the pleadings, must be taken as conclusive, and the jury had no authority to find upon it, no matter what the evidence was. "Whatever has been admitted on both sides in the pleadings can not be

contradicted, either in the subsequent pleadings, or even by the verdict." Gould on Pleadings, Sec. 167–168, Chap. 3.

"If the jury find one thing contrary to some other thing that is confessed, or not denied, in the pleadings, the verdict is, as to so much, bad, because the jury had nothing to do with that which is confessed, or not denied, in the pleadings." Bacon's Abr., title Verdict, W, 353.

Messrs. Hay & Barthel, for defendants in error.

In Foltz v. Stevens, 54 Ill. 181, the court holds that the object of a trial of the right of property under the statutes, is merely to furnish an indemnity to the officer in case he disposes of the property in conformity with the verdict, "but the officer may, notwithstanding a verdict for the claimant, retain and sell the property at his peril, if he chooses to do so."

Let us notice the third "point." It is that plaintiff's fifth replication was not replied to or traversed. But it will be seen that the fourth, which was rejoined to, is almost identical with the fifth replication; besides, the trial was proceeded with as if issue had been taken on it. That being so, a formal rejoinder was waived. The fourth contained all and more allegations than the fifth, and hence, nothing has been confessed, because there is a rejoinder to the fourth replication.

"It has been held that where both parties appear and go to trial upon the merits, without replication to pleas or rejoinder to replications, the judgment will not be reversed for the want of formal issues of fact being made before trial." Seavy v. Rogers, 69 Ill. p. 534. "Point third" comes perilously close to trifling with the importance of judicial investigations. The trial was had simply to determine whether appellant was the owner of the wheat in controversy.

Sample, J. The appellants brought this suit on the official bond of Mark Ward, a constable. From the record it appears that on June 1, 1887, the People, for the use of Hauser, obtained judgment against Werner for the sum of $138 and costs, upon which judgment an execution was issued on

June 22d, which came into the hands of Mark Ward, a constable, on same day, who thereupon levied on some thirty acres of wheat in the field, which at the time was being cut and put in the shock, by Werner and others. It further appears that prior to said judgment, on the 14th day of April, 1887, Werner claimed to have sold said wheat to one Fredrick Kaemmerer, now deceased, for the sum of $200, which money is claimed to have been paid at the time, and executed and delivered a bill of sale of same. Kaemmerer having learned of said levy, on the 3d day of July gave said constable Ward notice in writing that said wheat was his property, and that he proposed to prosecute his claim to the same. Whereupon a trial of the right of property was had before a justice of the peace on the 9th day of July, which resulted in a judgment against the claimant, who thereupon at once prayed an appeal to the Circuit Court, of which the said constable had notice, and on the 12th day of July filed his appeal bond, which was approved. The constable, notwithstanding said notice of appeal, proceeded the next day after the trial of the right of property, on July 10th, to sell said wheat. On the 25th day of July, Hauser, the owner of the judgment, settled the same with Werner for the sum of $75, and by a written receipt of that date acknowledged satisfaction of said judgment and execution in full, and withdrew all right and claim to said property, and declared therein that she would not try the right of property in said appeal. Notwithstanding said agreement, said appeal case was tried in the Circuit Court, and judgment again rendered against the claimant, Kaemmerer, from which judgment he took an appeal to the Appellate Court, which court reversed the judgment below. 29 Ill. App. 576. Whereupon, after filing the final order of reversal, a trial was again had in the Circuit Court, at the February term, 1890, and judgment was rendered in favor of the claimant, Kaemmerer, that he was entitled to the possession of the wheat so levied on. The property which he was so adjudged to be entitled to having been sold by the constable, as heretofore stated, this suit was brought on his official bond to recover its value.

The defendants pleaded the general issue of *non est factum* and also filed a special plea that the property levied on was that of Werner, the execution debtor, and not the property of Kaemmerer, and therefore the constable had a legal right to levy on the same, to which plea the plaintiff interposed five replications, one of which in effect reaffirms the cause of action set out in the declaration, the fourth set up the trial of the right of property before the justice, the appeal to the Circuit Court, a settlement of the judgment and execution on the 25th of July, and that thereafter the constable took upon himself the management and control of said cause, hired counsel and defrayed all of the expenses of the litigation subsequent thereto and thereby became a party to such litigation, and final judgment thereafter having been rendered in favor of the claimant, he is thereby estopped from again litigating the title to the property in this suit. To which defendants replied that the constable in all he did, acted under the directions and in pursuance of the instructions received from the attorney of Hauser and without notice of the settlement. The fifth replication is the same in substance as the preceding one, to which no rejoinder was filed. The point is made by appellant, that by not rejoining, the defendants confessed the truth of the averments of the replication, and are now estopped from denying them. Had he not appeared and voluntarily gone to trial, as if the replication was traversed, there might have been some force in this objection; but under the authority of Seavy v. Rogers, 69 Ill. 534, by so doing he waived the formal rejoinder. Had he desired to have a rejoinder to this replication, he should have obtained a rule on defendants, and on failure to comply, obtained a judgment on that replication, if it had been good. The pleadings in this case were involved by the mispleading of defendants in their first special plea. The life of the case, as set up in the declaration, is, that the property in controversy had been lawfully adjudged to be Kaemmerer's, on the trial as to the right of property, and that while that proceeding was pending, the constable having the property in custody, unlawfully sold it. The special plea referred to did not put the real case in issue, but raised a false

issue by merely setting up, as a complete defense, that Werner, the execution debtor, was the owner of the property at the time of the levy.

The breach assigned in the declaration especially sets up and relies upon the adjudication that the property was Kaemmerer's. It is not predicated on a mere trespass, by the sale under the execution of Kaemmerer's property, disconnected with and regardless of the rights he acquired, as against the constable, by virtue of that adjudication. Had the declaration been so framed, then the plea would have been technically good, leaving the question of estoppel, as to defendant's right to set up such a defense, open to proof. But being framed on the other theory, the plea being allowed to stand, drove the plaintiff to the absurdity in pleading of again setting up substantially the averments of his declaration, as a replication to the plea, in order to maintain his action, which was based upon the same state of facts, although there was nothing in the plea that required a new assignment. Doubtless the plea was filed with the view that the former adjudication as to the right of property was not binding on the constable. This case was tried on that theory in the court below and it is urged in this court.

It will be observed that the statute as to the trial of the right of property is very different from what it was formerly, when the decisions were rendered in the cases of Rowe v. Bowen, 28 Ill. 116; Foltz v. Stevens, 54 Ill. 180.

Then the trial was before the officer, the result of which was merely advisory as to him, as was held in the Rowe case. The court was driven to this conclusion in order to uphold the law as it then was, for under the Constitution no judicial power could be vested in such an officer. In that case, however, Mr. Justice Caton, in a dissenting opinion, makes the logical point, the effect of which is, that while the proceeding before the sheriff was not judicial, yet the statute, by giving the right of appeal to the Circuit Court, the parties who availed themselves of it were thereby brought before a tribunal that had the power to hear and determine causes, and therefore its judgment would be *res judicata* as to all parties and privies.

Under the statute as it is now (Sec. 101, Chap. 79), if judgment is rendered in favor of the claimant, the property levied upon *shall be released.* Formerly the statute did not so provide, but the officer might sell at his peril of the result of a trial in a suit by the claimant against him. Under Sec. 102, Ibid., the defeated party in such a trial may appeal, provided the same is prayed on the day of entering the judgment. There was no such proviso in the old statute. This proviso is doubtless mandatory and the prayer on that day a prerequisite to the right, at least, as against a sale before the bond is filed, to perfect the appeal thereafter. The purpose of this requirement evidently was that the officer might know whether or not he should proceed to sell, if the time for sale had been fixed to take place within the five days allowed for appeal, or proceed to advertise for sale if it had not already been done.

In this case, the record shows that the claimant prayed an appeal on the same day of the entry of judgment, as appears by the transcript of the judgment of the justice, from the following entry: "July 9, 1887, (the date of judgment.) attorney for F. Kaemmerer prays an appeal," which was perfected as the transcript shows: "July 12, 1887, appeal bond executed and approved." This trial before the justice was a judicial proceeding and therefore binding upon the judgment creditor and the officer levying the execution. The prayer for appeal by the claimant within the time provided by law and the subsequent perfection of the appeal, stayed the hand of the officer until the right of property could be legally determined in another court. Sec. 103, Ibid., expressly provides that " In case of an appeal, the constable *shall retain* the property " unless bond is given, etc. The prayer for an appeal on the same day of the entering of the judgment is an appeal within the meaning of this provision, if the bond is thereafter filed and approved within the five days allowed by law.

This legal right could not be taken from the claimant by selling the property on the next day after the judgment was rendered. That would be the effect of so holding, for thereby

the claimant would receive no benefit from his appeal if his claim was sustained, as he would have to relitigate the whole case again in order to obtain the value of his property. If that was the case, the only prudent course would be to dismiss his case and sue the officer or execution creditor and thus reach a result that would be final in one proceeding. It follows from these conclusions, that the special plea set up no defense to the cause of action as averred in the declaration, and that the court erred in excluding from the jury the record evidence, to show the prosecution of the trial of the right of property to a final determination in favor of the claimant, which, if shown, would be conclusive upon appellee. The judgment is therefore reversed and the cause remanded.