## Mamie F. Ilg v. Joel Burbank.

1. TRESPASS—*Levy by Officer Under Process.*—An officer, although armed with a writ of attachment, acts at his peril. If he levies upon the property of a person other than the defendant in the writ, and disturbs the possession of such person, he is liable, and the writ of attachment will be no defense in a suit for trespass.

2. LICENSE—*To Commit a Trespass.*—An officer and his deputy went to the house of a daughter of the person against whom they had an attachment, and having gained admission informed her of their business. The daughter claimed the property and begged them not to take it. The officers made the levy, however, and, rather than have the property removed, she consented to have a custodian appointed by the officer to remain in the house in charge of it. *It was held* not to amount to a license to levy on the goods.

3. INSTRUCTIONS—*Assuming Facts in Controversy.*—An instruction which assumes a controverted fact is erroneous.

4. SAME—*To Contain Statements of Law Applicable to the Case.*—An instruction should contain a statement of the law applicable to the

case so as to aid the jury in deciding it, and not statements of law which have nothing to do with the case.

5. PLEADING—*Justification in Trespass.*—In an action of trespass against an officer for taking goods, a plea of justification that the goods were *prima facie* the goods of the defendant in execution, is bad.

6. TRIAL OF THE RIGHTS OF PROPERTY—*Conclusive as to the Ownership.*—A judgment of the County Court on the trial of the rights of property, settles the question as to the ownership of the property as between the parties to such suit as well as to parties to trespass suits growing out of the levy upon the same.

**Trespass,** for taking personal property. Appeal from the Circuit Court of Winnebago County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1894. Reversed and remanded. · Opinion filed May 28, 1895.

J. C. GARVER, attorney for appellant.

N. C. WARNER and C. W. FERGUSON, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee was sheriff of Winnebago county and as such received a writ of attachment in favor of Fuller & Fuller Co. against Joseph E. Ilg. On June 27, 1894, he went with his deputy, Peter Anderson, to the house where the defendant in the writ and the appellant, his daughter, and his son resided and gained admission by knocking at the door. They were admitted by appellant and upon being seated appellee told her that he had come up to levy on the property in the house. She claimed the property, and cried and begged him not to take it, saying that some of the articles had been her mother's and were valued very highly for that reason. He levied on all the property in the house, carpets, beds, dishes and general furniture, against her protests, and insisted upon taking the property away unless a custodian was placed in the house in charge of it. She consented to have the custodian rather than to have it removed, and appellee put Anderson there as such custodian, and kept him or some other person there from that time until July 17, 1894. In the

meantime she told the custodian that her attorney said for her to lock up the house and for him to get out of there. She said that it was her property and she wanted to lock up. The custodian said that he would not go and that she could send for the attorney to come over and put him out. The next day, on Thursday, she told him again to leave. Her attorney also told appellee that he had no right there and should vacate. There was a trial of the right of property in the County Court, except as to a desk and penny slot machine not claimed by appellant, and judgment was entered July 17, 1894, in her favor, finding that the property was hers, and thereupon the levy was released and the custodian left the house. She brought this suit in trespass for entering her dwelling house and taking the property. The case was tried on issues made by a plea of not guilty and plea of license, and resulted in a verdict and judgment for appellee.

On the trial the foregoing facts were proved, and all the circumstances of the levy and holding possession were given to the jury in the testimony of defendant and the deputy.

The other evidence before the jury established plaintiff's ownership and possession of the property levied on. There was no evidence tending to prove a license to commit the trespass by levying on her property. The testimony of defendant and his deputy emphatically contradicted that claim. Both testified that she was alone at the time and that she claimed the property, and begged them in tears not to levy on it. The only claim of license is based on the fact that she preferred to have her property remain in the house in charge of a custodian rather than to have her carpets taken up and the house stripped of all its furniture and housekeeping utensils. Attention is also called to the gentlemanly conduct of the custodians, and that their personal relations with her were pleasant. The custodian in charge slept on the sofa and played cards in the parlor, and she was well satisfied with his conduct while sitting around the house, and so expressed herself. All this evidence was competent on the question of damages, to show that she was not subjected

to unnecessary indignity or inconvenience, but had no tendency to prove a license to levy on her goods. The verdict was against the evidence.

The court reiterated to the jury by six different instructions the rule of law that if the property levied on was plaintiff's and in her possession, the levy was a trespass and defendant was liable. The only objection to them would be the repetition, which does not seem to have impressed the jury enough to make them adopt the rule. Perhaps some confusion was created in their minds by instructions given at the instance of defendant. The first so given was misleading and upon no issue in the case under the evidence. It assumed to state what would be a license for entering the house in the first instance, June 27, 1894, and one of the conditions was that the levy was with the consent, expressed or implied, of the plaintiff. Since there was no evidence tending to prove such consent, and the defendant himself proved that plaintiff was vigorously objecting, the instruction should not have been given. Defendant's witness, the deputy, had testified that she ordered him on two occasions to vacate the premises, and there was no propriety in leading the jury away to a consideration of questions of how defendant came into the house and the consent to Anderson staying there the night of June 27th, to which date the instruction was limited. The second instruction also related to the original entry. It assumed that the house was the dwelling house of Joseph E. Ilg, and told the jury that the law was that defendant had a right to enter it for the purpose of levying his writ. It should not have assumed a fact in controversy. The third instruction after warning the jury not to be influenced by the fact that plaintiff was a girl, nor the fact that her mother was dead, nor the fact that she kept house for her father, proceeded with a statement of legal presumptions where a family live together, receiving mutual favors and bestowing mutual services, as to the gratuitous nature of such services, and as to who is the head of the family, and then informed the jury that the head of a family would not be entitled to any exemptions until he should make a schedule

Ilg v. Burbank.

of his property, debts and cash on hand. An instruction should contain a statement of the law applicable to the case, so as to aid the jury in deciding it; and aside from the warnings on the subject of influence, the statements of law had nothing to do with the case. The fourth instruction again submitted the question of plaintiff's consent to the levy with no evidence to sustain it. The fifth instruction told the jury that under the conditions therein stated defendant would not be liable for entering the house and levying on the desk and penny slot machine of Joseph E. Ilg. This suit was not about the desk or penny slot machine, and the instruction afforded no aid in deciding the case.

It is not to be understood that these instructions contained no correct legal propositions upon the law of trespass, but the issue between the parties under the evidence did not embrace all the law of trespass; that is a proper form of action for seizing property exempt from levy and sale, but this suit was not of that character; and information touching the rights of parties in such a suit was of a disturbing nature. While engaged in sober reflection on the issue in this case the minds of the jury should not be disquieted with the exactions of the law in requiring a schedule in the other kind of suit. So also the question of license may be of importance, but instructions should not be given based on no evidence, or on evidence of permission to enter a house where the license is revocable, and the uncontradicted evidence is that it was revoked.

Plaintiff proved that she was the owner and in possession of the personal property levied on, and while the evidence showed that defendant and his custodians were gentlemanly and considerate in their conduct, and that the custodian contributed to the pleasure and entertainment of plaintiff by playing cinch with her and her guests, it also showed the illegal intrusion upon her possession. No reason was shown why she should not have recovered damages in some amount.

Cross-errors have been assigned upon the action of the court in sustaining a demurrer to defendant's second plea, in

holding the judgment of the County Court conclusive, and in giving and modifying instructions.

The plea averred the suing out of the writ of attachment by Fuller & Fuller Co., and alleged in substance that defendant peaceably and quietly entered the dwelling house in order to seize and take the property in question which was liable to be taken as the property of Joseph E. Ilg, the defendant in the writ, being the father of plaintiff and head of the family and in possession *prima facie* of the property; that the property was *prima facie* his property as the head of the family, and liable *prima facie* to be seized and taken by virtue of the writ; that to prevent the removal of the property from the dwelling house pending the trial of the right of property he placed a bailiff in the house at the request of plaintiff, and did not disturb the property or prevent its use, and that on the determination of the trial of right of property he removed the bailiff.

Defendant acted at his peril in levying the writ, and if the property did not belong to Joseph E. Ilg he incurred liability. Pike v. Colvin, 67 Ill. 227.

The plea only averred that it was *prima facie* the property of the defendant in the writ, and this because he was the head of the family and it was *prima facie* in his possession. It presented no justification.

We think that the court rightly held that the judgment of the County Court in the trial of the right of property was conclusive between the parties to this suit that plaintiff was the owner of the property. People v. Ward, 41 Ill. App. 464.

The objection to plaintiff's instructions seems to be the ignoring of a license to make the levy. As before shown there was no evidence tending to prove such license, and consequently the objection is not well founded.

The instructions asked by defendant which were qualified by the court should have been refused as asked for reasons already given. The third count of the declaration was in trespass *quare clausum fregit*, and the other counts were an admixture under which plaintiff might recover for trespass

to her personal property. The only open question, aside from the measure of damages, as we view the evidence, was under the charge of trespass *quare clausum fregit*, and an instruction giving to the jury the law as to what possession plaintiff must show to maintain that charge would not be objectionable.

The judgment will be reversed and the cause remanded.