# The People of the State of Illinois for use of E. R. Dickes, Appellee, v. Dennis J. Egan, Bailiff, and United States Fidelity & Guaranty Company, Appellants.

## Gen. No. 30,086.

1. Sheriffs and constables—*admissibility of transcript of judgment in action to recover attached property, in suit to recover damages for wrongful detention of attached property.* In a suit for the use, etc., against the bailiff of the Municipal court of Chicago and his bond, for damages to the usee resulting from the alleged unlawful taking by said bailiff of two automobiles belonging to said usee, under a writ of attachment issued against a third person, the transcript of a judgment in an action by said usee brought in Municipal court against the said bailiff and the attachment creditor, such action being entitled "Trial right of property," and the judgment therein being that "plaintiff have and recover of and from the defendants the possession of the property," and the same being affirmed on appeal and the automobiles in suit having been returned to plaintiff pursuant to the mandate of the Appellate court, held competent as evidence to show ownership of the automobiles.

2. Former adjudication—*judgment in action to recover attached property as res adjudicata of title to property in subsequent suit to recover damages for wrongful detention by attaching officer.* Where following the taking by the bailiff of the Municipal court of two automobiles under a writ of attachment issued out of that court, the plaintiff brought an action against said bailiff and the attachment creditor to recover possession of the automobiles, claiming that when the same were attached they were the property of plaintiff and not of the attachment debtor, such action being entitled "Trial right of property," and plaintiff therein recovered a judgment that he "have and recover of and from the defendants the possession of the property," which judgment was affirmed on appeal and delivery of the automobiles to plaintiff enforced by the mandate of the Appellate court, such judgment was res adjudicata as to the plaintiff's right to the property in his subsequent suit as usee of an action on the bond of said bailiff for damages consequent upon the unlawful taking thereof.

3. Trusts—*right of trustee to sue in own name.* The right of the owner of property to maintain in his own name an action upon the bond of a bailiff for damages resulting from the unlawful

taking of such property by the bailiff under a writ of attachment is not affected by the fact that his title to the property is that of trustee under a trust agreement.

4. DAMAGES—*sufficiency of evidence to support award for cost of recovering wrongfully attached property and depreciation in value while retained.* Evidence, in an action upon the bond of a bailiff for the unlawful attachment of automobiles belonging to plaintiff, for damages for the expense of recovering them and for their depreciation in value while thus unlawfully retained, held sufficient to justify the damages assessed by the court in plaintiff's favor.

Appeal by defendants from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1925. Affirmed. Opinion filed December 2, 1925.

LOUIS J. BEHAN and WILLIAM J. CORRIGAN, for United States Fidelity and Guaranty Company, appellant; CHARLES F. McELROY, for Dennis J. Egan, appellant; LEVISOHN & LEVISOHN, of counsel.

WILLIAM McKINLEY and PAUL E. PRICE, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is a suit in the name of the People of the State of Illinois for the use of E. R. Dickes against Dennis J. Egan, bailiff of the municipal court, as principal, and the United States Fidelity and Guaranty Company, as surety. The claim is that in an attachment suit by Magill-Weinsheimer Company against the Holmes Automobile Company, Egan took two automobiles which were the property of Dickes, and as a result, although the automobiles were, after certain litigation, returned, Dickes was put to expense and the property meanwhile had depreciated in value, and as a consequence he was entitled to damages. There was a trial before the court, without a jury, and a judgment for the plaintiff in debt in the sum of $50,000, to be dis-

charged on payment of $1,876.50. This appeal is therefrom.

The declaration, consisting of one count, alleged that Egan was elected bailiff of the municipal court and gave a bond with the United States Fidelity and Guaranty Company, as surety, which bond provided for the faithful discharge of all the duties of that office; that on January 30, 1922, at the complaint of the Magill-Weinsheimer Company, a certain writ of attachment was issued out of the municipal court which directed the bailiff Egan to attach the property of the Holmes Automobile Company; that accordingly, Egan, on January 30, 1922, attached two automobiles, a Holmes coupé and a Holmes sedan, which automobiles were at that time the property of Dickes and not the property of the Holmes Automobile Company; that on February 23, 1922, Dickes began suit in the municipal court against Egan and Magill-Weinsheimer Company, setting up his, Dickes, ownership of the two automobiles; that afterwards on April 4, the court in that case found that the property which was attached by virtue of the attachment writ of the Magill-Weinsheimer Company against the Holmes Automobile Company was the property of Dickes, the plaintiff; that on an appeal to this court from the finding in that case, the judgment of the municipal court finding title to the property to be in Dickes, was affirmed; that subsequently, pursuant to the mandate of the Appellate Court, the cause was redocketed and Egan, the bailiff, on March 14, 1923, turned over and restored to Dickes the property which he had wrongfully seized and withheld; that by reason of an unlawful levying of the attachment writ upon the property in question, Dickes has been put to great expense and damage in and about endeavoring to secure the restoration of his property and by reason of the depreciation in the value of the property from the date of its wrongful attachment until the date of its return and restoration.

Various other pleadings were filed, but the cause went to trial on the declaration and plea of *non damnificatus,* and replication thereto.

The proof showed that the bailiff Egan having made a levy on two automobiles, Dickes sued him and the Magill-Weinsheimer Company in the municipal court in a case entitled, "Trial right of property," and obtained a judgment that "the plaintiff have and recover of and from the defendants the possession of the property"; and an execution issued for the restoration of the property to the plaintiff; and that upon an appeal from that judgment to this court, the judgment of the municipal court was affirmed. It further showed that the two automobiles consisted of a Holmes coupé and a Holmes sedan; that the fair market value of the coupé in February, 1922, was $2,530, and that of the sedan, $2,646; that the coupé was sold after some effort for $1,200 and the sedan, as the result of a stipulation, was sold for $2,100; that the difference or loss to the plaintiff was $2,530, minus $1,200, on the coupé, or $1,330.50; $2,646, minus $2,100, or $546, on the sedan, making a total difference, or loss, of $1,200 plus $546, or $1,876.50, the amount for which the court entered judgment in the plaintiff's favor.

It is urged for the defendants that the trial court erred in permitting the introduction of a transcript of the judgment entered in the municipal court in the case of *Dickes v. Egan et al.* as showing a trial of the right to the property that is to the two automobiles in question; and the reason assigned for this contention is that the record of that case does not constitute a former adjudication as to any of the issues raised by the pleadings in the present case.

Although a number of pleas and demurrers were filed in the course of this litigation, the only plea that finally remained for the defendants was one which recited that the plaintiffs "ought not to have or main-

tain their action because they have not in any manner been damnified by reason of any matter or thing.''

It will be seen that the plea does not directly deny the allegations of the declaration that the plaintiff was the owner of the property described, nor that Egan wrongfully seized the property, nor that a trial of the right of property was instituted in which Dickes claimed to be the owner of the property, and that the issues were determined in favor of Dickes and the judgment of the municipal court affirmed by the Appellate Court.

It seems to be claimed, notwithstanding there is no direct denial of those allegations of the declaration, that the defendants were still entitled to show that Dickes was not the owner of the property; that Egan did not wrongfully seize the property, and that there was not a trial of the right of property and a finding and judgment in favor of Dickes in the municipal court. The record here shows that there was offered in evidence a transcript of a judgment in the municipal court in an action entitled, ''Præcipe, Statement and Affidavit of Claim in Trial of Right of Property,'' brought by Dickes against the Magill-Weinsheimer Co. and Egan, the bailiff. The statement of claim in that case recites that Dickes is the owner of the two automobiles, which had been levied upon, and were then in the possession of Egan. The affidavit of merits denied that Dickes was ''the owner of the property,'' and denied that he was entitled to possession. The judgment order is ''that final judgment be entered on the finding herein, and that the plaintiff have and recover of and from the defendant, the possession of the property described in plaintiff's statement of claim.''

Evidently, the case in the municipal court was tried under paragraph 437, chap. 37, Cahill's St., which provides that: ''Proceedings for the trial of the right of property may be instituted in every case in which an execution or writ of attachment issued out of any court

of record is levied by any sheriff or coroner, or is levied by * * * a bailiff of the municipal court upon personal property within the City of Chicago.''

That paragraph provides, also, that ''if, upon the trial the claimant shall be found and entitled to the property, or to any part thereof, judgment shall be entered in his favor for the property, or such part thereof as he shall be found entitled to, and he shall be awarded execution therefor.''

In *People v. Crowe,* 130 Ill. App. 349, which was an action against a sheriff and the sureties on his official bond for a wrongful levy, it was held that the trial judge erred when he refused to admit in evidence a record of the county court which purported to show that in the trial of the right of property a judgment had been entered in favor of the plaintiff. The court in that case said: ''We think the judgment was competent evidence * * * showing that the ownership of the property had been judicially and finally adjudged to be in Sholtey (the plaintiff).'' Citing *People v. Ward,* 41 Ill. App. 464; *Ilg v. Burbank,* 59 Ill. App. 291. The court further said: ''The proceeding of the trial to the right of property is summary in its nature, and no particular form of judgment is essential. It is sufficient if it be final. *Johnson v. Gillett,* 52 Ill. 358. In a collateral proceeding, when the transcript shows it to be the adjudication of a court or judge having jurisdiction over the parties and subject matter, the judgment or decree, however defective in form, is conclusive upon the parties.'' The court further said: ''By such a judgment a right of action against the sheriff was clearly established and the only question remaining to be determined was the amount of damages, if any, sustained by appellant by reason of the unlawful seizure and retention of the property.''

In *People v. Ward, supra,* where the admissibility of a record showing the prosecution of a trial of the right of property to a final determination was con-

sidered, it was held that the trial court "erred in excluding from the jury the record evidence to show the prosecution of the trial of the right of property to a final determination in favor of the claimant, which if shown would be conclusive upon appellee."

In our opinion, the judgment in the case in the municipal court was competent evidence, and, as to the right to the property, *res adjudicata*. The plaintiff in the municipal court claimed to be the owner of the property in question, and the court found that he was; that we think was sufficient to justify the introduction of a transcript of the judgment and to show the ownership. Further, as showing what the judgment accomplished, in a stipulation in the municipal court, signed by the attorney for Magill-Weinsheimer Company and Egan, it was recited that the order of the court of April 5, 1922, found the "right of property" in Dickes.

It is further contended for the defendant that Dickes had no personal interest in the cause of action, and that the testimony showed that he, in his capacity of trustee under a trust agreement, was the only person entitled to maintain such an action. It has been held many times that a trustee may maintain an action in his own name for the recovery of property, the title to which he holds as trustee. *McHenry v. Ridgely,* 3 Ill. (2 Scam.) 309. In *Lee v. Pennington,* 7 Ill. App. 247, it is stated that: "A court of law will not inquire whether the plaintiff sues for himself or as trustee for some other person; it is sufficient if he has the legal title in the subject matter of the suit." Also, in *Union Coal Co. v. City of La Salle,* 136 Ill. 119, the court said: "It is the duty of the trustee to defend and protect the title to the trust estate, and as the legal title is in him, he alone can sue and be sued in a court of law." *Atkins v. Moore,* 82 Ill. 240; *Chapin v. Foss,* 75 Ill. 280. In the latter case, where it was claimed that the suit should have been by the plaintiff as trustee, the court said, what is pertinent here: "We do not perceive that it

would affect the defense, or concern the defendants, in which capacity she sued.'' There are a number of cases cited by counsel for the defendant, but an examination of them shows that they are not apt. Further, however, in considering this contention, we do not find that the insufficiency of the description of the capacity in which the plaintiff maintained his suit was at any time raised in the trial court. *Ada St. M. E. Church v. Garnsey*, 66 Ill. 132; *Franklin Union No. 4 v. People*, 220 Ill. 355.

It is further urged for the defendant that the evidence introduced was not sufficient to justify the assessment of damages made by the court. We do not agree with that contention. The witness Dickes testified that, as to his experience, he had done approximately $300,-000 worth of automobile business up to February, 1922; that the fair market value of the coupé in 1922 was $2,530.50, and that of the sedan, $2,646; that he received, upon sale, $1,200 for the coupé, and $2,100 for the sedan. We think the evidence amply shows the fair market value of the two automobiles when they were taken and, also, that there was no controversy as to the reasonableness of what was received for them when they were finally sold; and that being true, it follows that the difference, being $1,876.50, which is the amount of the judgment, was the proper measure of the plaintiff's damages.

A number of other contentions are made on behalf of the defendant. We have considered them and are compelled to conclude that they are untenable. The judgment, therefore, will be affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.