27 421
129 456

27 421
153 423

WILLIAM E. D. MARSH, Plaintiff in Error, *v.* ASTORIA LODGE No. 112, INDEPENDENT ORDER OF ODD FELLOWS, Defendant in Error.

### ERROR TO FULTON.

Actions by the subordinate lodges of Odd Fellows should be brought in the name of the trustees of such lodges.

An organization in fact, and user under it, is sufficient in some actions to show a corporation in fact, although there may have been irregularities or omissions in the first instance.

If the right to sue is not expressly granted to a corporation, it may still exercise the faculty, if all the powers incident to corporations are conferred upon it.

The question in this case is presented by a plea which, in substance, avers that there is no such corporation, and not in abatement.

THIS was an action of assumpsit, commenced in the Circuit Court of Fulton county, at the June term, 1861, by Astoria Lodge No. 112, Independent Order of Odd Fellows, against William E. D. Marsh, on an account.

The declaration contains the common counts for goods, wares and merchandise, sold and delivered to defendant at his request, also for money lent and advanced to, laid out and expended for defendant at his special instance and request, for money had and received by defendant for use of plaintiff, and for money found to be due on account stated.

At the September term, 1861, of said Circuit Court, the defendant filed his plea of the general issue to said declaration, and also the additional plea of "*nul tiel* corporation," upon which pleas the plaintiff took issue.

At the same term of said court, by consent of parties, a jury was waived, and a trial of the cause was had by HIGBEE, Judge of said court.

The plaintiff, in support of the issues on his part, on the trial of the cause, called as a witness, *William T. Toler*, who, being sworn, testified, that he was present at a settlement,

before the commencement of this suit, between a committee appointed by the plaintiff for that purpose and the defendant, at which settlement defendant admitted that he, as treasurer of the lodge, had received dues from the members of the lodge to a considerable amount, and then had of such moneys and dues a balance of one hundred and forty-two dollars and fifty cents, and promised to pay the same. The plaintiff then offered to prove by witness, that said lodge was chartered under the Grand Lodge of the Independent Order of Odd Fellows of the State, and that the lodge had been, for some seven years or over, organized and acting as such lodge, and claimed to be acting under the Grand Lodge of such State; to all of which the defendant, by his counsel, objected, but the court overruled the objection, and permitted such evidence to be given, except as to the charter of the lodge, which testimony in reference to the charter was excluded, and the defendant excepted.

The witness then testified, on the part of plaintiff, that Astoria Lodge No. 112 was chartered by the Grand Lodge of the Independent Order of Odd Fellows, and had been for seven or more years acting and holding itself out as said subordinate lodge, by the name of Astoria Lodge No. 112, Independent Order of Odd Fellows, and that said lodge had regularly elected trustees; to all of which testimony defendant, by his counsel, objected, but the court overruled the objection, and permitted said testimony, (except as to the charter, which was excluded,) and defendant excepted.

The plaintiff then produced the records from the office of the recorder of Fulton county, and offered to read in evidence therefrom, entries recorded therein as follows:

24204

"I hereby certify, that at a regular meeting of Astoria Lodge No. 112, I. O. O. F., held at their Hall January 29th, 1855, the following named persons were elected Trustees for said Lodge for the term of one year, to wit: R. H. Bacon, Jacob Darling, Gilbert Rutledge, W. E. D. Marsh, W. T. Toler.

"Witness my hand and the seal of the lodge.

[L. S.]                                        JNO. N. STEELE, Sec'y."

"Recorded 20th February, 1855."

31657

"STATE OF ILLINOIS, }
        FULTON COUNTY,   } ss.

"We, the undersigned, hereby certify that a corporate body by the name and style of 'Astoria Lodge No. 112, Independent

Order of Odd Fellows,' is and has been since the 27th day of July, A. D. 1852, working and acting under a regular charter from the Grand Lodge of the State of Illinois, and that said Astoria Lodge holds their regular meetings on Monday evening of each week at their hall in the town of Astoria, county of Fulton, State of Illinois. We further certify, that at an election of trustees of said lodge, held at their hall, at a regular meeting, and in pursuance of the constitution and by-laws of said lodge, May 24th, 1858, the following named members of said lodge were elected trustees for the term of one year, to wit: Wm. E. D. Marsh, David Shrier, S. P. Cummings, Wm. Reeder, and Wm. T. Gallaher.

" In testimony whereof, we have hereunto set our [L. s.] hands and affixed the seal of said lodge this 21st day of July, A. D. 1858.

"Attest: Wm. T. Gallaher.                     DAVID IVINS, Noble Grand."
            David Marsh, *Treasurer.*

" Recorded July 23rd, 1858.

25440

" STATE OF ILLINOIS, }
      FULTON COUNTY.    }

" We do hereby certify, that on the 8th day of October, A. D. 1860, Henry Plank, W. T. Toler, W. E. D. Marsh, Geo. Thornburg and Samuel Hollingsworth, were duly elected trustees of Astoria Lodge No. 112, Independent Order of Odd Fellows, for the ensuing year. Given under my hand and seal, and the seal of our said lodge, at Astoria, this 8th day of October, A. D. 1860.

W. E. D. MARSH, N. G.
HENRY PLANK, Sec'y."

" Recorded November 21st, 1860."

To which, and the receiving of which in evidence, the defendant objected, on the grounds that such entries were not the best evidence, that the certificates as recorded were not such as were required by law in the matter of incorporating lodges, that such entries were irrelevant and immaterial, that the original certificates had not been proven to have been executed, and that the record of the same had not been shown to have been made with the proper officer; but the court overruled such objection and permitted the entries or records and certificates to be read in evidence, and the defendant excepted.

The court thereupon found the issues for the plaintiff, and assessed the damages at the sum of $142.50.

The defendant then entered his motion for a new trial, and assigned in support of such motion the following reasons: the court erred in admitting improper evidence on the part of

plaintiffs; the finding was against the law and the evidence. But the court overruled the motion for a new trial, and rendered judgment for the plaintiff for $142.50 and costs, to all of which defendant then and there excepted.

The defendant below, comes into this court by writ of error, assigning the following grounds of error:

The court below erred in admitting improper evidence on the part of the plaintiffs below.

The finding below was against the law and the evidence.

The Circuit Court erred in overruling the motion of the defendant below for a new trial.

The Circuit Court erred in finding for plaintiffs below on the issue of *nul tiel* corporation.

The court below erred in rendering judgment for the plaintiffs and against the defendant below.

The record and proceedings below are otherwise irregular, erroneous, informal and insufficient.

Judd, Boyd & James, for Plaintiff in Error.

S. P. Shope, for Defendant in Error.

Breese, J. It is hardly necessary to examine in detail, the several errors assigned on this record. The conclusion we have arrived at, is, that under the statute of 1849, the suit is not properly brought. The act of February 8, 1849, entitled "An act for the incorporation of the Grand Lodge of the State of Illinois, of the Independent Order of Odd Fellows, and the subordinate lodges thereunto belonging," by the first section, declares the persons therein named and their successors to be a community, corporation and body politic by the name and style of "The Grand Lodge of the State of Illinois, of the Independent Order of Odd Fellows," and by that name to have perpetual succession. The second section provides that the said corporation and their successors, "by the name, style and title aforesaid," shall be capable to sue and be sued, etc. By the fourth section, the subordinate lodges instituted by this corporation, by the name and number of their respective lodges of the Independent Order of Odd Fellows in this State, are declared to be a community, corporation and body politic, capable for all time to take and hold property, real and personal, and of disposing of it in such manner as they think proper. The fifth section provides "that each of the subordinate lodges which now are or may be hereafter instituted, by the aforesaid corporation (the Grand Lodge), shall elect or appoint annually, five trustees, whose certificate of election

tion shall be recorded in the office of the recorder in the county in which the subordinate lodges are situate," and " the said trustees and their successors shall be forever thereafter capable in law to sue and be sued, plead and be impleaded, answer and be answered unto, defend and be defended, in all or any courts of justice, and before all and every judge, officers or persons whatsoever, in all and singular actions, matters or demands whatsoever." The sixth section gives each of them a common seal, and in general to have and exercise " all such rights, privileges and immunities as by law are incident or necessary to corporations, and what may be necessary to the corporations herein constituted." (Session Laws, 1849, special acts, p. 46, 47.)

This act is the charter of all the subordinate lodges of this order, and the proof shows an organization in fact and user under it, and this is sufficient, in this collateral action, to show a corporation in fact, though there may have been irregularities or omissions in the organization.

The proof shows the election of the requisite number of trustees, and the record of the fact. This is evidence sufficient under the plea of *nul tiel corporation.* It establishes the fact of the existence of such a lodge, No. 112, but the plea goes further, and questions the right of the lodge to sue, in the name it has sued. It is in substance, that there is no such corporation as Astoria Lodge No. 112, capable of suing in this action. The Grand Lodge can sue by express grant, in their corporate name. The subordinate lodges cannot so sue. They must sue and be sued, in the name of the trustees, and in no other mode and by no other name. A corporation can have no faculty, not given by the act creating it. The faculty of suing is a most important one, and has not been specially conferred, and since it has been directly conferred on the trustees by special grant, it cannot be claimed as incident to the corporation under the general power conferred. Had not the faculty to sue, been conferred on the trustees, then indeed, would this corporation have had the right to sue under the grant, in the sixth section, of all the powers incident to corporations. *Metropolitan Bank* v. *Godfrey et al.,* and notes, 23 Ill. 609.

However just, and clearly established, is the defendant's liability in this case, yet, as the suit is not brought by the parties entitled to sue as plaintiffs, we are compelled to reverse the judgment. The suit should be brought in the name of " the Astoria Lodge No. 112, Independent Order of Odd Fellows."

*Judgment reversed.*