JOHN B. MARTIN AND JOHN B. VAN DUZEN, Plaintiffs in Error, *v.* JOHN E. BARRON, Defendant in Error.

*Estoppel—Judgment—Practice.*—If a judgment be erroneous or irregular, it must be reversed or vacated in a direct proceeding instituted for that purpose. In a suit upon the judgment, its conformity to law cannot be inquired into.

*Error to Buchanan Court of Common Pleas.*

*H. M. & A. H. Vories*, for plaintiffs in error.

I. It was alleged by the defendant that it was not shown by the record that the defendant was ever served with process, or that he was served in the jurisdiction of the court rendering the judgment. It was objected that the process was issued against J. E. Barron, and that the petition and judgment was against John E. Barron, which rendered it void as against defendant.

The return of the officer and the judgment of the court ren-

dered in the cause are conclusive evidence, or at least *prima facie* evidence of these facts, and the said record ought therefore to have been admitted as evidence.

It is also the presumption of law, that the marshal has properly discharged his duty, and all presumptions will be made in favor of and not against his return. (Wilson v. Jackson, 10 Mo. 329, and authorities there cited; McNair v. Biddle, 8 Mo. 257; Shumway v. Stillman, 4 Cow. 292, and 6 Wend. 447; Scott v. Coleman, 5 Lit. 350; Williams v. Preston, 3 J. J. Marsh. 600.)

When a transcript of a judgment from a sister State shows that the writ was served by a proper officer and was returned by him as such, but states that it was duly and legally served, the presumption is that it was served in conformity to the law of the place where made. (Lackland v. Prichett, 12 Mo. 484; Blackburn v. Jackson, 26 Mo. 308; Jones v. Relph, 3 Mo. 388.)

The abbreviation of the given name is no objection to this record, as the proof shows that Barron was known by the abbreviated name as stated in the writ, and that he was at the time of the service in the jurisdiction of the court. (Fenton v. Perkins, 3 Mo. 106.)

If the return of the marshal was not regular, a motion to quash might have been made; but as that was not done, and the court where the return was made recognized the return and rendered judgment, the same cannot afterwards be questioned when suit is brought upon the judgment. (Wilson v. Jackson, 10 Mo. 329, above cited.)

*Jarvis & Townsend*, for defendant in error.

As to the designation of the parties to a suit, the law is substantially the same now that it was a hundred years ago. It is, legally speaking, next to impossible to sue a man by the initials of his name only. The law now is as it ever was about the use of initials, or the total omission of a christian name. (Revis v. Lamme & Bros., 2 Mo. 168.) But in cases of mistake or misnomer, it is never consistent perhaps

with exact reason, and allows corrections to be made, yet with jealous regard to the rights of the defendant.

' If it does not appear by the prior proceedings that notice was served, such 'cannot be inferred because judgment was rendered; for judgment is the result, the consequence, of prior legal measures that gave it birth. (Smith v. Ross, 7 Mo. 463.)

If a foreign judgment proceeds upon an error of law apparent on its face, it may be impeached everywhere (1 Greenl. Ev. § 547, note 1) ; or if upon its face it is founded in mistake, or is irregular, or bad by the local law. (Ib. 540, note 2 ; Sto. Confl. Laws, § 607 ; 2 Phil. Ev. 51.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit founded on a judgment rendered by the Circuit Court of the United States within and for the Seventh Circuit and Southern District of Ohio.

The defendant in his answer pleads *nul tiel record*, and also that the court had no jurisdiction over his person ; and for further answer he stated that he did not appear in the suit in which the alleged judgment, described and set out in the petition, is said to have been rendered ; that he was not served with process, or notified of the commencement or pendency of the action ; that he was not at the commencement of the suit, nor has he been at any time since, resident in the State of Ohio, or within the jurisdiction of said Circuit Court ; nor was he at the commencement of the alleged suit personally within the jurisdiction of the said court. And he further alleged and stated that the suit was not prosecuted nor the judgment rendered in his christian name, or other proper appellation by which he was known, designated, or distinguished, but, as appears from the transcript, the suit was prosecuted and the judgment rendered against one J. E. Barron, which is not his proper name and appellation, and by which he was not liable to be sued ; by reason of which he avers he was not liable to be sued, and is not the person mentioned in the said transcript.

There is a marked inconsistency in defendant's answer. In the first place he denies any such judgment as that alleged and set forth in the petition, and in the second place he impliedly admits the record, but seeks to avoid its force and operation by denying that his name is properly set out and designated.

The transcript of the record shows that the declaration was filed, and the judgment rendered, against John E. Barron, in his full proper name ; but the writ was issued against J. E. Barron, and the marshal's return states that he served it personally on J. E. Barron.    At the trial in the court below, plaintiffs introduced testimony tending to prove that the defendant was in the city of Cincinnati, in the State of Ohio, about the time of the commencement of the suit, and then offered in evidence the transcript of the record, which was rejected and excluded by the court.    Plaintiffs then took a non-suit, and after an ineffectual attempt to set the same aside, sued out their writ of error.

The question of the effect and validity of a judgment from another State, under the law of Congress of May 26, 1790, has been so often passed upon by the courts, that it is useless to re-examine it here.    The main point relied on in defence is, however, that the defendant being described in the writ by the initials of his christian name, and the officer's return of service being in the same defective manner, there is nothing on the record to show that he was ever served with process, or that the court acquired any jurisdiction over him, and that the proceeding and judgment are void.    The christian and surname of both plaintiff and defendant should be set forth with accuracy ; for since names are the only marks and *indicia* which humankind can understand each other by, if the name be omited or mistaken, there is a complaint against nobody.    But where service has been read by a wrong name, the misnomer or want of a name is pleadable in abatement only.    (1 Bac. Abr. 9 ; 2 Black. 1120.)

And it seems there is a distinction where a party is described by the initial of his christian name, when he is ar-

rested on process and affidavit, to hold to bail, and where nothing but the initials are used in merely serviceable process. In the first he will be discharged and his bond cancelled, upon entering a common appearance; in the latter he will be left to his plea in abatement. (4 Barn. & Ad. 536; 6 Barn. & Cr. 165; 6 Moore, 264; 3 Bing. 296; 4 Moore, 317; 1 Bro. & B. 529.) But the defendant is not obliged to take advantage of a misnomer, misdescription, or omission in his name; he may elect to do so or not, at his pleasure; and therefore if he be impleaded by a wrong name, and afterwards impleaded by his right name, he may plead in bar the former judgment, and aver that he is *una et eadem persona.* (Smith v. Villers, 1 Salk. 3, pl. 7; Benson v. Derby, 1 Ld. Raym. 249; 2 Stra. 1218.) And when a person is in the habit of using initials for his christian name, and is proceeded against by his initials, and the fact whether he was so known is put in issue, and the jury find in the affirmative, the court will not interfere on that ground. (City Council v. King, 4 McCord, 487.)

In Conkey v. Kingman, (24 Peck. 115,) an application was made for the appointment of a guardian to *Susan* Conkey, (alleged to be *non compos mentis*,) and the order of inquisition described her as *Sarah* Conkey, but the return of the selectmen, and other proceedings in the Probate Court, contained the true name. It was held that if notice was given to the right person, and there was no mistake as to identity, it would not be a fatal misnomer. But we are not to construe this precisely as we would if the process had issued from one of our own courts. We do not know exactly what effect it may have in the court where rendered. The courts in Ohio will be presumed to know more about their laws, and the force and validity of their own peculiar process, than we can.

Granting that the writ and service were defective, and that the judgment rendered thereon was irregular, can it be impeached and declared void in this collateral manner? Most certainly not. In this collateral action its conformity to law

cannot be inquired into. If the judgment is erroneous, it should be reversed or vacated in a direct proceeding, instituted for that purpose, in the court where it was rendered. (Grover v. Grover, 30 Mo. 400; Reed v. Pratt, 2 Hill. 64.)

No evidence was offered to show that the Circuit Court sitting in Ohio had not obtained jurisdiction. The record, with the accompanying proof, was at least *prima facie* evidence, and should have been admitted when offered by the plaintiffs.

The judgment will be reversed, and the cause remanded. The other judges concur.