[Sossman v. Price.]

# Sossman *v.* Price.

## *Action on Account.*

1. *Parties; how must be designated.*—Parties must be designated by name, and not by a mere description of the person, in the process and judgment. The use of the words. "*and wife*" following the name of the defendant in the summons issued by the justice, and in the marginal statement of the judgment, does not make the wife a party.

2. *Complaint; whom filed against on appeal from justice.*—On an appeal in such a case to the City Court, the plaintiff properly files his complaint against the defendant alone, who was designated by name in the justice's ·summons; to have declared against both would have been a departure from the process issued by the justice, and from the judgment he had rendered.

3. *Appeal bond; what conforms to statute.*—An appeal bond, given in a .justice's court, reciting that the appeal was taken by the defendant and his wife, whose name is also given, but which does not recite that the justice rendered judgment against both, and correctly states the amount and date of ·the judgment, and the name of the plaintiff therein, conforming substantially to the requirements of the statute, does not alter the case or give the ·defendant ground for moving to dismiss the proceedings, because complaint was filed against the husband alone in the City Court.

APPEAL from City Court of Mobile.

Tried before Hon. OLIVER J. SEMMES.

Appellee, Price, sued appellant, Sossman, before a justice of the peace. In the justice's summons the words "and wife" follow the name of the defendant, and are also found in the marginal statement of the parties to the judgment rendered by him. On appeal from the justice, Sossman and his wife gave a joint bond, which recites that the appeal was taken by Sossman, and his wife Lou E. Sossman. It cor-.rectly states the date and amount of the judgment, and the name of the plaintiff therein, and conforms in condition substantially to the requirements of the statute, but fails to recite against whom the judgment was rendered. Price, having filed his complaint in the City Court against Sossman alone, motion was made to dismiss the cause, on the ground that it was a departure from the cause before the justice. Afterwards, a jury having rendered a verdict in favor of ·Caleb Price against Sossman alone, the defendant then moved the court that no judgment be rendered against the ·sureties on the appeal bond, upon such verdict, on the ground that the appeal was sued out by Sossman, and his wife Lou. E. Sossman, jointly, and the judgment was against Sossman

alone　The court overruled the motion, and rendered judgment against Sossman and the surety on the bond. These rulings and the rendition of judgment are now assigned as error.

ALEX. MCKINSTRY, for appellant.

BOYLES & OVERALL, contra.

BRICKELL, C. J.—Parties must be designated by name, and not by a mere description of the person, in the process, and in the judgment. The words "and wife," following the name of the appellant, Henry Sossman, in the summons issued by the justice, and in the marginal statement of the parties to the judgment, did not make his wife a party. He was the sole defendant in the process, and in the judgment. On appeal, the plaintiff properly declared against him alone. If he had declared against the wife by name, jointly with the husband, it would have been a departure from the process issued by the justice, and from the judgment he had rendered. There was no ground for the motion to dismiss the cause.

The bond for the appeal, recites the appeal was taken by Sossman, and his wife Lou. E. Sossman. It does not recite that the justice had rendered judgment against both, but correctly recites the date and amount of the judgment, and the name of the plaintiff therein, and conforms in condition substantially to the requirements of the statute. Joining the wife in the appeal does not vary the character of the proceedings before the justice, nor does it affect the obligation of the bond. It was an error committed by the appellant, of which neither he nor his surety can complain, and which can work them no injury.

We find no error in the record, and the judgment is affirmed.