Mathias Schmidt et al.

v.

Edward F. Thomas.

*Practice—Default—Motion to Set Aside—Circuit Court—Jurisdiction of —Pleading.*

1.    The Circuit Court can not grant a motion to set aside a default at a term subsequent to the one at which it was entered for any error of law apparent on the record.

2.   The allegation as a ground for such motion that through "accident and mistake" the party making the same was prevented from presenting a meritorious defense, has no weight.

3.   A declaration must state with certainty who are the parties to a given suit, and the same must be commenced and prosecuted in the proper Christian and surnames thereof.

4.   Failure in this regard is cured by personal service, but not in the absence of appearance, where service is by publication.

5.   Where a defendant personally served, fails to appear, a judgment by default is erroneous, when the name of the party in the process is such that the law does not recognize it as the name of an individual or corporation.

6.   The abbreviation "Mrs." is not a name.

7.   Where a case has been fully tried, errors which did no injury may be disregarded, if it appears that justice has been done.

[Opinion filed May 8, 1889.]

IN ERROR to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. GEORGE F. WESTOVER, for plaintiffs in error.

The judgment below was erroneous and void, because no declaration was filed against the defendant as named in the writ of summons and as named in the judgment.

The precipe and the writ of summons issued August 6, 1888, described the defendants, against whom the writ was issued, as "Mathias Schmidt and Mrs. Schmidt." The return of the sheriff shows the summons was served on the "defendants Mathias Schmidt and Mrs. Schmidt," August 15, 1888.

A declaration was filed on the 4th of October, 1888, against "Mathias Schmidt and his wife, Mrs. Harriet C. Schmidt, whose other name is unknown to the plaintiff."

The declaration states a joint cause of action against Mathias Schmidt and Harriet C. Schmidt. The judgment was rendered against "the said defendants Mathias Schmidt and Mrs. Schmidt."

The person actually served with summons, and who joins Mathias Schmidt in the writ of error, is Catherine Schmidt, wife of Mathias Schmidt.

A judgment rendered against persons jointly liable is an entirety, and if void as to one defendant is void as to all.

Schmidt v. Thomas.

Shuford v. Cain, 2 Abb. U. S. 302; Kitchen v. Hutchins, 44 Ga. 620; Commercial Bank v. Wilson, 14 Gr. Ch. 473; C. M. L. Ins. Co. v. Clover, 36 Mo. 392; Holbrook v. Murray, 5 Wend. 561.

Messrs. PATTERSON & LANGWORTHY and JOHN MOFFITT, for defendant in error.

GARY, J.   The judgment complained of was by default and entered at the October term, 1888, and the motion to set it aside was made at the November term, 1888.

The Circuit Court could not grant the motion made at a term subsequent to the term at which the judgment was entered, for any error of law apparent on the record.   Such a motion is by statute, (Sec. 66, Practice) a substitute for the common law writ of error *coram nobis*, on which the court could not correct its own error in law.   2 Tidd Pr. 1137, and notes; Knox v. Winsted Bk., 57 Ill. 330; Becker v. Sauter, 89 Ill. 596; Lill v. Stookey, 72 Ill. 495.

The ground of the motion that by accident and mistake the plaintiffs in error were prevented from presenting a meritorious defense, is no ground for such a writ.   Kilholz v. Wolff, 8 Ill. App. 371; Fix v. Quinn, 75 Ill. 232; Courson v Hixon, 78 Ill. 339.

The summons named Mathias Schmidt and Mrs. Schmidt as defendants, and is returned as served upon them.   The declaration is against Mathias Schmidt and his wife, Mrs. Harriet Schmidt, and the judgment is against Mathias Schmidt and Mrs. Schmidt.   In this writ of error she is named Catherine Schmidt.

A body of pleading called a declaration, but in fact, consisting of two complete and formal declarations, is filed as one. It must be stated with certainty who are the parties to the suit, and actions to be properly brought, must be commenced and prosecuted in the proper Christian and surnames of the parties.   1 Chit. Pl. 256; Elberson v. Richards, 42 N. J. Law, 69.   If this rule is neglected, but there is personal service, a judgment by default is not void.   Opinion of

Breese, J., in Hammond v. People, 32 Ill. 446; Martin v. Barron, 37 Mo. 301. Though if the service be by publication, and no appearance, the judgment may be wholly void. Skelton v. Sackett, 91 Mo. 377.

But if the defendant does not appear, though there be personal service, if the name of the parties in the process be such that the law does not recognize it as the name of an individual or corporation, a judgment by default is erroneous. Day v. Cushman, 1 Scam. 475; Elberson v. Richards, 42 N. J. Law. 69; Revis v. Lamme, 2 Mo. 206. It seems superfluous to cite authority that the abbreviation " Mrs." is not a name, yet it has been so decided. Elberson v. Richards, 42 N. J. Law 69,

In England, under the old practice, such a question as is here presented could never have arisen in a court of error, as there were no judgments by default for want of appearance. The defendant must have appeared or been outlawed, if the plaintiff pursued him to the full extent of the law (3 Bl. Comm. 280), and without such appearance, the plaintiff could not proceed with the action. 3 Ch. Gen. Pr. 141. But the court in which the proceedings originated, would on such a defect set aside the writ and put the plaintiff to a new suit. Tomlin v. Preston, 1 Ch. R. 397.

Where a case has been fully presented on both sides, errors which did not injure may be disregarded if it appears that justice has been done, but on a judgment by default, this court can have no information as to what the merits are, and can not be required to strain the rules of law to supply the omission of the parties. The judgment is reversed and the case remanded. The defendant in error may amend and the plaintiffs in error plead, and their respective rights be determined.

*Reversed and remanded.*