WILLIAM GOODKIND

*v.*

WILLIAM C. BARTLETT.

*Filed at Ottawa October 29, 1894.*

1. JURISDICTION—*court's findings concerning—how far conclusive.* The presumption in favor of a court's findings of the facts which give jurisdiction to render a decree can be overcome, in a collateral proceeding, only where the record in the cause itself affirmatively shows such findings not to be in accordance with the facts.

2. PARTIES—*litigants must be designated by name.* Parties to a suit, in the absence of an express statutory provision to the contrary, must be designated by name both in the process and in the judgment, and a mere description of the person is not sufficient.

3. SAME—*case where description is held insufficient.* In a proceeding under the Burnt Records act to establish title to land, the joinder of a wife as co-defendant, under the form, "John N. Hummer and ........ Hummer, his wife," and publication against her as a nonresident by the same designation, do not make the wife a party, and a decree rendered in pursuance of such service will not be effectual to bar the wife's inchoate dower, it not being shown that her true name was not known or ascertainable.

4. MISNOMER—*may be cured by service on proper party.* In case of the misnomer of a defendant, if the summons is served on the party intended, and he fails to appear, or, appearing, fails to object, the judgment against him will be binding, notwithstanding the misnomer.

5. PLEADING—*in equity—taken most strongly against pleader.* In a bill to compel a purchaser of land to specifically perform, the allegation that a certain party, whose wife's dower was unreleased, once held title to the land, must, on demurrer, be taken as true, notwithstanding such bill recites a decree, entered in a suit under the Burnt Records act, finding that such party (the husband) had no title.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

Mr. A. M. PENCE, for the appellant :

As to the constitutionality of the Burnt Records act, and effect of decree of foreclosure thereunder, see *Heacock* v. *Lubuke*, 107 Ill. 396 ; *Bertrand* v. *Taylor*, 87 id. 235 ; *Heacock* v. *Hosmer*, 109 id. 245 ; *Smith* v. *Waterman*, 108 id. 662 ; *Ward* v. *Farwell*, 93 id. 213 ; *Gage* v. *McLaughlin*, 101 id. 155 ; *Provost* v. *Grant*, 119 id. 606 ; *Robinson* v. *Ferguson*, 98 id. 398 ; *Gage* v. *Carraher*, 125 id. 447; *Gormeley* v. *Clark*, 10 U. S. 554.

The husband not owning either the legal or the equitable estate in the premises at the time said mortgage is made, title subsequently obtained inures to the benefit of the mortgagee, and to the purchaser on foreclosure of such mortgage, and the wife can not be dowable as against such mortgagee and the persons claiming under him.    *Taylor* v. *Kearn*, 68 Ill. 339.

A purchaser is not charged with notice with what the records of deeds disclose subsequently to the making and recording of the deed under which he claims.    *Hosmer* v. *Campbell*, 98 Ill. 572 ; *Kerfoot* v. *Cronin*, 105 id. 609 ; *Miller* v. *Larned*, 103 id. 562.

Mr. JAMES S. MURRAY, for the appellee.

Per CURIAM :   This was a bill in chancery, in the circuit court of Cook county, to compel the specific performance by appellee of a contract for the purchase from

appellant of certain land, the consideration therein named to be paid by appellee if the title thereto, upon abstracts to be furnished, etc., was "found good, and free from all inchoate right or rights of dower." The bill alleges the terms and conditions of said contract, the payment thereunder of $500 in cash by appellee, the chain of title, and the furnishing of abstracts thereof accordingly, the readiness of complainant and refusal of defendant to perform, etc., and prays that defendant be required to specifically perform said contract, etc. A demurrer to the bill was sustained, and the cause dismissed for want of equity. The question here presented is, whether the bill sets out and shows sufficient title in the complainant to the premises, according to the terms of said contract requiring the title to be good, and free from all inchoate right of dower.

The bill alleges that "by patent bearing date the 12th day of March, 1855, the State of Illinois granted, bargained, sold and conveyed the said lot of land unto the said John N. Hummer, Jacob Leffler and John Leffler, which patent was filed for record July 25, 1857, in the recorder's office of Cook county, Illinois, and by virtue of said patent the fee simple was vested in said John N. Hummer, Jacob Leffler and John Leffler, share and share alike;" that September 1, 1856, said John N. Hummer executed and delivered to one White his mortgage deed of said premises, which was subsequently foreclosed, etc., and that under such foreclosure, appellant, through certain *mesne* conveyances, derived title; that in the execution of said mortgage the said Hummer was not joined by Rachael B. Hummer, who was at the time, and has ever since continued to be, his wife, and both said Hummer and wife are still living. Under the allegations of the bill, therefore, that said John N. Hummer was seized in fee of the premises, it is clear that his wife, Rachael B., at the time, became possessed of an inchoate right of dower therein, which was unaffected by the making of said mortgage and the subsequent foreclosure thereof, in which it

is not pretended she was made a party; and this right
of dower is, in argument, practically conceded to still
exist, unless barred by the decree of the Superior Court
of Cook county, entered August 7, 1873, in a proceeding
therein under the Burnt Records act, brought by one
George W. Hoffman, the then owner of the premises in
question, to have his title thereto determined and estab-
lished, and which proceeding and decree, it is insisted,
effectually foreclosed and barred such inchoate right
of dower.

It is alleged in the bill, that in said proceedings "said
John N. Hummer and.........Hummer, his wife, Horace
White, and 'all whom it may concern,' were made parties
defendant; that a summons issued out of said court, in
said cause, to said John N. Hummer,.........Hummer, his
wife, Horace White, and 'all whom it may concern,' on
said 21st day of June, 1873, returnable on the first Mon-
day of August, 1873; that said writ was returned, and
was duly served by the sheriff of Cook county upon the
said Horace White on the 8th day of July, 1873, and the
sheriff also returned that the other defendants were not
found in said county of Cook;" alleges that said John N.
Hummer and Rachael B. Hummer were at the time non-
residents of the State, and "that due notice, by publica-
tion, was given to all the defendants  *  *  *  named,
and to 'all whom it may concern,' as required by the act
of the General Assembly  *  *  *  in such case made and
provided." The decree, which is also set out in the bill,
shows that the court, taking the petition as "confessed
as to said John N. Hummer and.........Hummer, his wife,
Horace White and 'all whom it may concern,'" in that pro-
ceeding, among other things, found that John N. Hummer
and.........Hummer, his wife, did not reside in the State;
"that the court has jurisdiction of all the defendants
herein mentioned by name, in the manner provided by
law, and of all other persons whom this proceeding may
concern, and has also jurisdiction of the subject matter
of this proceeding."

In a collateral proceeding such as this, the finding of the court must be regarded as sufficient evidence of the facts necessary to give the court jurisdiction to enter the decree in that case, unless the record therein sufficiently discloses the contrary. The presumption is in favor of the finding, and can be overcome only where the record affirmatively shows the finding not to be in accordance with the facts. (*Osgood* v. *Blackmore*, 59 Ill. 261; *Barnett* v. *Wolf*, 70 id. 76; *Miller* v. *Handy*, 40 id. 448; *Harris* v. *Lester*, 80 id. 307.) And such is not claimed to be the case here.

But it is insisted by appellee that the said proceedings and decree, being against John N. Hummer and ....... Hummer, his wife, and "all whom it may concern," was not conclusive upon Rachael B. Hummer, the wife of John N. Hummer,—that she could not be barred of her inchoate right of dower in that proceeding unless she was a *party by name*. In the absence of any statute permitting it, persons, natural or artificial, cannot be made parties litigant by mere *descriptio persona*, but must be designated by name, both in the process and in the judgment. (*Schmidt* v. *Thomas*, 33 Ill. App. 109; *Sassman* v. *Price*, 57 Ala. 204; 17 Am. & Eng. Ency. of Law, 493, note 2.) And a proceeding by or against a party by a mere fictitious name will be a nullity. (*Marsh* v. *Astoria Lodge*, 27 Ill. 421; 17 Am. & Eng. Ency. of Law, 488, note 1.) But in case of misnomer, if the summons is served on the party intended, and he fails to appear, or, appearing, fails to object, the judgment against him will be binding. *Ada Street M. E. Church* v. *Garnsey*, 66 Ill. 132; *Pennsylvania Co.* v. *Sloan*, 125 id. 72; *Pond* v. *Ennis*, 69 id. 341; 17 Am. & Eng. Ency. of Law, 491, note 1.

The rule being as above stated, it is plain that the joinder, as co-defendants, of "John N. Hummer and ...... Hummer, his wife," did not make Rachael B. Hummer, his then wife, a party to that proceeding, so as to make the decree effectual as against her. It is not shown or pretended in the bill that the true name of Rachael

B. Hummer was not, at the time of said proceedings and entry of the decree therein, known or ascertainable, and for aught that appears the christian name of Mrs. Hummer, and her post office address, might have been learned upon slight inquiry. It requires, indeed, but the mention of it, to show that to allow legal proceedings against parties by mere descriptions or fictitious names would be simply absurd and grossly illogical.

But appellant strenuously insists, that under the clause "all whom it may concern," contained in the notice by publication, Rachael B. Hummer was brought in and properly made a party defendant, so as to render the decree in said proceeding binding and efficacious to bar her inchoate right of dower. As will be seen later on, that question we do not deem ourselves called upon to determine under the state of record in the case, the inquiry being, whether or not the demurrer to the bill was improperly sustained.

Service by publication was had in that case under section 12 of the "Burnt Records act," (chap. 116, Starr & Curtis,) which prescribes the form of notice in such cases to be substantially as follows: "A. B., C. D., etc., (here giving the names of all known defendants, if any,) and to all whom it may concern; take notice," etc., and then proceeds to state that a petition has been filed to establish title in the petitioner to certain land, describing it, and that unless the persons named appear by a time therein specified, and show cause against the petitioner, the petition will be taken as confessed, and judgment entered accordingly by confirming title in the petitioner, and forever barring them from disputing the same. Upon proof of due publication of this notice, the court rendered the decree above mentioned, and among other things found: "That on the first day of September, A. D. 1856, said John N. Hummer executed and delivered unto one Horace White a mortgage, running unto him, his heirs and assigns, upon said lots, with other property, to se-

cure an indebtedness of $1950, evidenced by four certain promissory notes, which said mortgage, being duly acknowledged, was recorded in the recorder's office of Cook county, Illinois, on September 15, 1856, in book 26 of mortgages, 445; that the wife of said John N. Hummer did not unite with him in the execution of said mortgage, and that at the time of its execution and delivery said John N. Hummer did not have the legal title to said premises, but the same was in the State of Illinois, and that at the time of its execution and delivery the said Hummer did not own and possess the equitable title to said premises, he not having fully paid for said lots, some portion of the purchase money still remaining unpaid under said contract with said school commissioner, and that at the time of the execution and delivery of said mortgage said John N. Hummer did not have an estate in said lots of which his wife was dowable."

Had this decree found, in accordance with the theory of appellant's bill, that John N. Hummer was in fact, at the time of making the mortgage to White, seized in fee simple of the premises, then a question of perhaps more intricacy might arise upon the record. But the decree does not so find. It simply finds that John N. Hummer, not having completed his contract of purchase, had no title, either legal or equitable, to the premises, and consequently no estate therein to which the right of dower could attach. But appellant elected not to draft his bill in harmony with the findings of this decree, but expressly and repeatedly alleges that the said John N. Hummer was, prior to and at the time of his mortgage to White, the owner in fee simple of the premises in question. Upon demurrer to the bill this allegation must be taken as true, notwithstanding the findings of the decree, as we have seen, to the contrary, as that decree is here only collaterally involved. If the allegations of the bill are to be taken as true, as they must, it is evident that said decree did not bar the inchoate right of dower of Rachael

B. Hummer in the premises, even though she was prop-
erly served. Had appellant seen fit to have drawn and
predicated his bill upon the state of facts found by the
decree, then the doctrine of *Taylor* v. *Kearn*, 68 Ill. 339,
might have been applicable, and a different ruling, per-
haps, made by the court below upon the demurrer. But
upon the state of case presented by the bill, which,
while it sets out the decree in *hæc verba*, chooses to de-
part from it, and alleges the fee simple to have been in
Hummer, and the rule being that the court will not de-
cree specific performance unless the right thereto is
clear, we perceive no error in the ruling of the court
below in sustaining the demurrer and dismissing the bill.

The other objection alleged in the bill to be made by
appellee as an excuse for non-performance is, that by
contract filed for record April 26, 1880, one H. N. New-
berger agreed to sell and convey said premises to one
Henry H. Walker for $3500, and that said contract is a
cloud upon appellant's title. The bill, however, alleges,
that theretofore, October 5, 1878, the then owner of the
premises, Henry M. Newberger, conveyed the same, by
deed, to Clara Goodkind, who in turn conveyed the same
to appellant, which deed was duly filed for record Octo-
ber 8, 1878, and that the records of Cook county do not
show that Henry M. Newberger ever thereafter had any
title or interest in the premises, and that, in fact, H. N.
Newberger never had any estate or interest therein; that
appellee, Bartlett, never had, and does not claim to have
had, any notice that Henry M. or H. N. Newberger has or
claims any right or interest in the premises, and also
alleges facts showing, on the part of Walker, a practical
abandonment of his alleged contract.

In view of the fact that said Henry M. Newberger, the
then true owner, conveyed said premises before the execu-
tion of said contract, even conceding it to have been exe-
cuted by him, which it is not claimed was the fact in this
case, it is clear that the same could not affect the title

acquired by appellant for value, in good faith and without notice. The deed from Newberger to Clara Goodkind having been made, as we have seen, long anterior to the filing for record of said contract, appellant would take under her deed, and would not be chargeable with what the record of title might disclose, subsequently to the deed under which he claimed, not falling within his chain of title. (*Hosmer* v. *Campbell*, 98 Ill. 572; *Kerfoot* v. *Cronin*, 105 id. 609; *Miller* v. *Larned*, 103 id. 562; *Grundies* v. *Reid*, 107 id. 304.) The allegations of the bill being taken as true, H. N. Newberger never owned or had any interest in the premises, and it is not pretended that he and Henry M. Newberger were one and the same person. This objection to the title therefore was clearly not well taken.

For the reasons before stated, the judgment will be affirmed.

*Judgment affirmed.*