# Hallmark v. Hopper.

*Action on Promissory Note.*

1. *Change of party plaintiff.*—A suit brought in the name of A B "Agent for C D" is the suit of A B, and not of C D; an amendment by which the action would stand in the name of C D as plaintiff would work an entire change of party plaintiff, and is not allowable. This rule applies to cases appealed from a justice court.

2. *Parties not changed by appeal bond.*—The fact that the appeal bond recites that C D is plaintiff, does not warrant the prosecution of the suit on appeal in the name of C D as plaintiff, instead of A B , the real plaintiff.

APPEAL from Etowah Circuit Court.

Tried before Hon. J. A. BILBRO.

This was an action on a promissory note, which was commenced before a justice of the peace. The original summons required the defendants to appear and answer the complaint of "Waldron Hopper, agent for Neeler Hopper." The case was styled the same way in the statement of the cause of action. The justice rendered a judgment in favor of the plaintiff, and thereupon, the defendants took an appeal to the circuit court. The ap-

peal bond was payable to Neeler Hopper and condi-
tioned that if said "A. F. Hallmark, J. D. White and
M. Hallmark shall prosecute to effect an appeal by
them taken this day to the next term of the circuit court
of Etowah county, from a judgment rendered against
them in favor of said Neeler Hopper, &c., then this
bond shall be void, and of no effect, &c." In the circuit
court there was a new complaint filed in which the
plaintiff is described as "Waldron Hopper, agent for
Neeler Hopper." The defendants filed a sworn plea set-
ting up that the suit was not brought in the name of the
party really interested. Thereafter, in the circuit court
the plaintiff moved to amend the complaint by striking
out the following words: "Waldron Hopper, agent
for," leaving the suit to proceed in the name of Neeler
Hopper. The defendant objected to this motion; the
court granted the motion and allowed the complaint to
be so amended, and to this ruling the defendant duly ex-
cepted. There were verdict and judgment for the plain-
tiff. The defendants appeal, and assign as error the
ruling of the court in allowing the amendment above.

DORTCH & MARTIN, for appellants, cited 56 Ala. 43;
46 Ala. 277; 89 Ala. 375; 66 Ala. 578; 57 Ala. 168.

A. E. GOODHUE, contra, cited, *Walton v. Parker*, 21
So. 826.

McCLELLAN, J.—There can be no question but that
a suit brought in the name of A B "agent for C D" is the
suit of A B , and not of C D, and that the words "agent
for C D" are merely personally descriptive of A B and
superfluous. It is equally clear that an amendment by
which such action would be made to stand in the
name of C D as plaintiff would work an entire
change of party plaintiff, and is, therefore, not allowa-
ble. And this rule against amendments operating a
change of the sole party plaintiff applies to actions be-
gun before justices of the peace and brought by appeal
into circuit courts.—*Davis Avenue Railroad Co. v.
Mallon*, 57 Ala. 168.

Judgment being rendered in such case in favor of A
B agent for C D, the fact that defendants execute an
appeal bond reciting a judgment in favor of C D does

not make it a judgment in favor of C D, nor make C D the party plaintiff in the circuit court, nor justify an amendment of the complaint filed in that court in the name of A B agent for C D—that is, in the name of A B —substituting C D for A B as the sole party plaintiff. *Sossman v. Price*, 57 Ala. 204.

Reversed and remanded.

*Action on Promissory Notes.*