(Nos. 23621, 23622, 23623.—

THE OHIO MILLERS MUTUAL INSURANCE COMPANY *et al.* Appellees, *vs.* THE INTER-INSURANCE EXCHANGE OF THE ILLINOIS AUTOMOBILE CLUB *et al.*—(W. C. LOVEJOY *et al.* Appellants.)

*Opinion filed June 11, 1937—Rehearing denied October 12, 1937.*

STONE, J., dissenting.

ODE L. RANKIN, and LORD, LLOYD & BISSELL, (DAVID J. KADYK, of counsel,) for appellants.

BRADLEY, HARPER, HUSS & REHM, (SAMUEL A. HARPER, and WALTER SCZUDLO, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

Certain similarities as to general principles of law have made it appear desirable to consolidate three causes for one opinion, yet certain dissimilarities make it advisable to set forth a short statement as to each of the three consolidated cases.

Cause No. 23621, the Ohio Millers Mutual Insurance Company *vs.* Inter-Insurance Exchange of the Illinois Automobile Club, will hereinafter be referred to as the *Ohio Millers case.* The record shows that summons was issued April 27, 1927, to the sheriff of Cook county commanding him to summon, "Inter Insurance Exchange of the Illinois Automobile Club, David Rosenbach, as attorney in fact of the Inter Insurance Exchange of the Illinois Automobile Club, and;" etc. The action was one of trespass on the case on promises and the *ad damnum* $16,000. Attached to the back of this summons is a list of the names of about three thousand persons without any description, among which names are those of the appellants, George I. Haight,

Dr. E. W. Brust, A. L. Himmelblau, Roy H. Domke, A. O. Elting, Dr. W. C. Lovejoy, Dr. Emmett Keating, Pixley & Ehlers, Walter C. Hughes, and Anthony C. Shepanek. The return on the summons is as follows: "Served this writ on the within named defendant, David Rosenbach, by delivering a copy thereof to him this 26th day of May, 1927. Served this writ on the within named Inter-Insurance Exchange of the Illinois Automobile Club, by delivering a copy thereof to David Rosenbach, attorney in fact of Inter Insurance Exchange of the Illinois Automobile Club, this 26th day of May, 1927." No mention is made on the return of any other defendants.

The declaration, which was filed August 4, 1927, alleges the corporate capacity of the plaintiff and that the Inter-Insurance Exchange of the Illinois Automobile Club (which will be called the Exchange) is an unincorporated association of such firms, corporations and individuals as signed a certain power of attorney attached to the declaration as exhibit "B"; that the Exchange was doing business under the Reciprocal Inter-Insurance act of Illinois, and that the defendants whose names appear on exhibit "A" attached to the declaration, being the same names as those in the list attached to the back of the summons, had each signed inter-insurance contracts and policies of insurance and been members of the Exchange. It is alleged in the declaration that the policy of insurance, a copy of which is attached to the declaration, provides that the liability of each subscriber shall be several and not joint, and each subscriber, including the assured, assumes to pay a sum in the same proportion to any aggregate loss as his liability bears to the aggregate of all subscribers' liability, which sum is payable to the attorney in fact, and the attorney in fact shall have the right to receive or collect, sue for and recover the same, to the same extent as if he were the sole party in interest. It is further alleged that the plaintiff had reinsured the subscribers at the Exchange and that the plaintiff

was entitled under the contract with the Exchange to fifty per cent of the unearned premiums collected by the Exchange, or due and owing from subscribers, prorated as of March 26, 1926, and that the sum was not paid and is due from the defendants and each of them severally. Plaintiff claims $16,000 against the defendants and each of them.

The power of attorney under which the subscribers became members of the Exchange is set forth in exhibit "B." By it each subscriber individually appointed David Rosenbach as his attorney in fact to exchange, with other subscribers at the Exchange, indemnity to the extent indicated against certain damages, also to reinsure subscribers, automobiles and property in any insurance company; to accept service and enter subscribers' appearance in suits in law and equity and prosecute and defend the same, provided that in no event should any indemnity exchanged for a subscriber render him liable for more than one-half his annual premium deposit for any one accident, nor, during any year, for more than double his total premium deposits for such year, and provided, further, that the attorney in fact should not have power to make subscribers jointly liable with any other subscriber, "but shall bind me separately and for myself alone, subject to the limitations upon my liability herein expressed." Premium deposits are applicable, among other things, to the payment of reinsurance. The power of attorney also provides that the attorney in fact is expressly empowered to appoint and authorize the Director of Trade and Commerce of the State of Illinois, to accept service of process in any action, suit, or proceeding brought against the subscriber, at law or in equity, arising or growing out of the subscription at the Exchange by a subscriber and that any moneys for which the subscriber may become liable to the members of the Exchange, shall be payable to the attorney in fact, who may sue for the same in his own name and recover the same as if he were the sole party in interest.

Exhibit "C," attached to the declaration, is a copy of the contract of insurance which the subscribers exchanged among themselves at the Exchange. It provides, among many other things, that suits brought by the assured against the Exchange under the policy, shall be brought only under the name of the assured and only against the subscribers at the Exchange; that in order to avoid a multiplicity of suits and unnecessary expense the assured agrees that only one action and against only one subscriber will be maintained at any one time, and that a final decision in such action will be taken by the Exchange and each subscriber, to be decisive of a similar action, so far as it may subsist against each of the other subscribers at the Exchange; and that service of process in such action against any subscriber may be accepted by the attorney in fact, and each subscriber authorizes the attorney so to do. It further provides that the liability of each subscriber shall be several and not joint and that each subscriber, including the assured, assumes to pay a sum in the same proportion to any aggregate loss as his liability bears to the aggregate of all subscribers' liability, which sum is payable to the attorney in fact, and the attorney in fact shall have the right to receive, collect, sue for and recover the same, to the same extent as if he were the sole party in interest.

On May 3, 1933, this cause was called for trial and dismissed for want of prosecution, no one appearing for either party. On January 31, 1934, a notice addressed to Ernest Palmer, Superintendent of Insurance, and acting Director of Trade and Commerce at Springfield, Illinois, was filed in the cause with an affidavit showing that it had been sent by mail on January 29, 1934. By this notice the Superintendent of Insurance was notified that on Wednesday, January 31, 1934, at the hour of 10:00 o'clock A. M., the attorneys for the plaintiff would appear before Judge Trude at Chicago and present a petition, (a copy of which was attached,) and ask for an order in accordance with

the prayer thereof. This petition, a copy of which was sent to Palmer, set forth that the cause had been inadvertently dismissed by the court by reason of the files in the case being lost or mislaid, and prayed that the order of dismissal be set aside and the cause reinstated and re-docketed. On this motion the court found that each and every one of the defendants had been notified (by the notice to the Director of Insurance) and an order was entered setting aside the previous order of dismissal. The cause was re-docketed and set for hearing April 30, 1934. On May 3, 1934, the court entered an order finding that due service of process of summons had been had upon the defendants provided by law, and each of them, finding all defendants in default and defaulting them, and entering a judgment that the plaintiff have and recover of and from the within named defendants to-wit: George I. Haight, Dr. E. W. Brust [and all the other appellants hereinabove named and approximately three thousand others] its damages in the sum of $15,765.53, but not to exceed the sum of $20 against any one of said defendants, in form as aforesaid by the court assessed, together with its costs, charges in this behalf expended, and to have execution therefor." No judgment was entered against the association as such, nor against the attorney in fact. Thereafter, on August 22, 1934, the individuals hereinabove named, who are appellants, entered their special appearance in the cause for the sole purpose of questioning the jurisdiction of the court and moved the court to expunge the order of January 31, 1934, which had vacated the order of May 3, 1933, and also to expunge the default and judgment thereon. It will be unnecessary to enumerate the fourteen specific grounds or reasons stated for this motion. The motion was denied, and an order which had temporarily stayed execution was rescinded and notice of appeal was filed. Upon appeal the Appellate Court has affirmed the judgment of the circuit

court of Cook county, and the cause is before us by appeal, upon leave granted.

In cause No. 23622, the plaintiff is the Lumbermen's Mutual Casualty Company (hereinafter referred to as the Lumbermen's Mutual) and the defendants, and likewise the appellants, are the same as in the *Ohio Millers case.* The declaration is based upon the same policy of insurance and power of attorney as in the *Ohio Millers case,* but the liability is said to have arisen out of losses paid by the Exchange with money furnished by the plaintiff and assigned to the plaintiff. The names of the appellants appear among a list of several thousand of the alleged members of the Exchange set forth in forty-five pages of the declaration, and the power of attorney, which we have substantially set forth above, is also a part of the declaration. The summons in the case is directed to the sheriff of Sangamon county, commanding him that he summon, "Inter-Insurance Exchange of the Illinois Automobile Club, David Rosenbach, personally and as attorney in fact for the Inter-Insurance Exchange of the Illinois Automobile Club." This summons was not signed by the clerk of the court from which it issued. The return of the sheriff shows, "served on the within named Inter-Insurance Exchange of the Illinois Automobile Club by reading the within to Ernest Palmer, acting director of the Department of Trade and Commerce of the State of Illinois, appointed and acting attorney in this State upon whom all lawful process against the said Inter-Insurance Exchange of the Illinois Automobile Club can be served, and at the same time delivering to said Ernest Palmer a true copy thereof this 13th day of April, 1933. I cannot find in my county David Rosenbach this 13th day of April 1933." On April 24, 1934, a notice was served on the superintendent of insurance that on April 26, 1934, the plaintiff would appear before the court in Chicago asking that the cause be set for immediate hearing and for judgment by default by reason of failure to plead.

On April 26, 1934, a default judgment was entered against all of the individual defendants, jointly and severally, for the full amount of the damages claimed to-wit, $1911.27, with costs of suit. There was no judgment entered against the attorney in fact or the Exchange. Special appearance and motion to vacate on behalf of the appellants were filed in this case the same as in the *Ohio Millers case,* supported by affidavits. At that time a cross-motion was filed by the plaintiffs asking leave to amend the original summons by adding the name and signature of the clerk of the court, and also another cross-motion for leave to amend the summons by adding thereto the names of all of the defendants. The trial judge in the circuit court denied both cross-motions, found that the court never had nor obtained jurisdiction of the persons against whom the judgment was rendered, and entered its order vacating the judgments against the appellants and other individuals, and quashing the execution which had been issued thereon. This case was appealed to the Appellate Court where the judgment of the circuit court was reversed and the cause is here on appeal, by our leave granted.

Cause No. 23623, the American Motorists Insurance Company, is against the same defendants and the same appellants. The procedure, motions and final orders of the circuit court and Appellate Court are the same as in the Lumbermen's Mutual case, and that case is also here by appeal, on leave granted.

In the view we take of this case, it will be unnecessary to consider or discuss many of the questions which have been presented and extensively briefed. It is urged in support of the liability sought to be attached to the individual subscribers that because the attorney in fact and the insurance commissioner are authorized to accept service of process, the individual subscribers need not be served and cannot complain of default taken against them. Be that as it may, there is nothing in the power of attorney,

or in the Reciprocal Inter-Insurance act, which waives the issuance of process and it follows that unless process was actually issued, there is no point in discussing any question as to the matter of service. The *Ohio Millers case* was started under the Practice act of 1907, and is therefore governed by that act, while the other two cases are governed by the Civil Practice act of 1933. Under both acts the courts obtained jurisdiction by the issuance and service of a summons. Under the former act the summons is required to be under the seal of the court, attested in the name of the clerk of such court, dated on the day it shall be issued, signed with the clerk's name, directed to the sheriff or coroner and made returnable on the first day of the next term of court, to which the action might be commenced. (Practice act, Laws of 1907, sec. 1, p. 444.) This described a common law summons, which is defined as "a writ commanding the sheriff or other authorized officer to notify a party to appear in court to answer a complaint made against him and in the said writ specified, on the day therein mentioned." (Bouv. Law Dict.; 3 Blackstone's Com. 279.) The present Civil Practice act provides: "Every civil action, unless otherwise expressly provided by statute shall be commenced by the issuance of a summons. The clerk shall issue summons upon request of the plaintiff. The form and substance of such summons and of all other process, and the issuance of *alias* and *pluries* writs shall be according to the rules of court." Pursuant to this statutory provision we have provided a form which is substantially the same as the common law form. It is required to be headed with the names of all plaintiffs, followed by the names of all defendants. It requires the signature of the clerk and the seal of the court. Supreme Court Rule 4.

In *Weaver* v. *Peasley & Co.* 163 Ill. 251, the circuit court overruled a motion to set aside an execution which was claimed to be void for want of a seal. In that case we held that the execution was not only entirely void, but

that it could not be amended after the sale. We said: "The statute requires all process to be sealed with the seal of the court. (Starr & Curtis' Stat. chap. 37, par. 67.) It has been settled by numerous decisions in this State that this provision is mandatory; that an execution not under the seal of the court is void, and may be successfully resisted wherever the question may arise. (*Bybee* v. *Ashby,* 2 Gilm. 151; *Davis* v. *Ransom,* 26 Ill. 100; *Roseman* v. *Miller,* 84 id. 297.) And an execution which is void for such reason cannot be amended after sale. (*Sidwell* v. *Schumacher,* 99 Ill. 426; *Eagan* v. *Connelly,* 107 id. 458.) In *Sidwell* v. *Schumacher, supra,* it became necessary to determine whether an execution could be so amended for the reason the objection that there was no seal was not specifically made in the circuit court, and if the execution was amendable on the trial such objection must have been specifically pointed out so that it might be obviated. The cases in this court were there reviewed, and it was held that where the law expressly directs that the process shall be in a specific form and issued in a particular manner such provision is mandatory, and a failure to comply with the law will render the process void. It was decided that such process cannot be amended after sale, and that a sale of land under such an execution is absolutely void, and may be successfully resisted in any kind of proceeding or in any forum in which the question may arise. No subsequent amendment of such a writ could relate back and make valid a sale under such process. If no right passed by an attempted sale, no amendment could, by relation, cause something to pass. The execution was void, and the court did not err in overruling the motion for leave to amend."

In the case of *Goodkind* v. *Bartlett,* 153 Ill. 419, the bill and summons named "John N. Hummer and ———— Hummer, his wife," parties defendant. We held that this designation would not make Rachel B. Hummer, the wife

of John N. Hummer, a party to the suit. We said: "In the absence of any statute permitting it, persons, natura' or artificial, cannot be made parties litigant by mere *descriptio persona,* but must be designated by name, both in the process and in the judgment. (*Schmidt* v. *Thomas,* 33 Ill. App. 109; *Sassman* v. *Price,* 57 Ala. 204; 17 Am. & Eng. Ency. of Law, 493, note 2.) And a proceeding by or against a party by a mere fictitious name will be a nullity. (*Marsh* v. *Astoria Lodge,* 27 Ill. 421; 17 Am. & Eng. Ency. of Law, 488, note 1.) But in case of misnomer, if the summons is served on the party intended, and he fails to appear, or, appearing, fails to object, the judgment against him will be binding.—*Ada Street M. E. Church* v. *Garnsey,* 66 Ill. 132; *Pennsylvania Co.* v. *Sloan,* 125 id. 72; *Pond* v. *Ennis,* 69 id. 341; 17 Am. & Eng. Ency. of Law, 491, note 1."

To sustain the judgment in the *Ohio Millers case,* and to sustain the judgments of reversal in the *Lumbermen's Mutual* and *American Motorists cases,* would require us to ignore the most elemental principles of due process of law. As we said in *Goodkind* v. *Bartlett, supra,* "It is not shown or pretended in the bill that the true name of Rachel B. Hummer was not, at the time of said proceedings and entry of the decree therein, known or ascertainable, and for aught that appears the Christian name of Mrs. Hummer, and her post-office address, might have been learned upon slight inquiry. It requires, indeed, but the mention of it, to show that to allow legal proceedings against parties by mere descriptions or fictitious names would be simply absurd and grossly illogical." In the case at bar no summons was ever issued for any individual defendant. Neither was there ever any waiver of the issuance of summons, nor any entry of appearance for any individual defendant, except special appearance for the sole purpose of questioning the jurisdiction of the court. In two of the three cases the clerk did not even sign the summons and in neither

case was there any direction for the summoning of any person except the attorney in fact.

The appellees argue that it was not contemplated by the Reciprocal Inter-Insurance act, or by the plan of insurance adopted among the subscribers, who are the appellants here, that there should be any personal service on individual defendants or that they need be mentioned by name in order to obtain a valid judgment. This may all be true without in any way affecting the result in this case. There was a summons issued against the Inter-Insurance Exchange in each case and against the attorney in fact, but there was no judgment taken against the Exchange nor against the attorney in fact. Appellees' argument can be conceded so far as the Exchange is concerned if it were material in this case. It may be that the liability of the members as a group, known as an Exchange, could have been determined on this summons and service, and for this purpose it is immaterial whether we consider the Exchange as an entity or whether we consider the suit a representative one which the members have consented to. It may be that in a judgment at law against the Exchange, as such, no subscriber could be heard or permitted to deny that the group, as a whole, owed the debt nor to question the correctness of the amount of the judgment. As to the Exchange, this kind of a judgment might be readily sustainable under our holdings in *Roche & Co.* v. *Harding,* 348 Ill. 454, and *Warfield-Pratt-Howell Co.* v. *Williamson,* 233 id. 487. Reaching this point, however, does not determine any definite or specific sum to be paid by any individual member, as he would be entitled to a judicial determination of that point. He would be entitled to his day in court on at least two questions: (1) As to whether or not he was, in fact, a member of the association and (2) as to his *pro rata* individual share in the total liability severally, and not jointly. Nothing less than this could afford him due process of law, nor assure him of not being bound beyond

his obligation. It may be that he could not deny that the group, as a whole, was actually indebted, and it may even be that he could not question the sufficiency of the service of process against the association or its representative, because it would seem that, by his power of attorney, he has consented to these things. Beyond, this, however, he has given up no rights. He has not consented or agreed to pay any specific sum of money, but only the *pro rata* share of an unliquidated sum. He has never agreed to be bound jointly with any other person, but only by himself alone, and he has never waived the issuance of process. Neither has he waived the service of process on him as an individual, if a judgment is to be sought against him as an individual.

A summons not signed by the clerk of the court which issues it is no summons, and a summons which does not name a person on its face and notify him to appear, is no summons at all, so far as the unnamed person is concerned. As to these appellants and the other individual defendants, there was never any suit lawfully commenced.

In cause No. 23621, being the Ohio Millers case, the judgment of the circuit court, and the judgment of the Appellate Court which affirmed it, are both reversed.

In cause No. 23622, being the Lumbermen's Mutual case, the judgment of the Appellate Court is reversed, and the judgment of the circuit court is affirmed.

In cause No. 23623, being the American Motorists case, the judgment of the Appellate Court is reversed, and the judgment of the circuit court is affirmed.

*Judgments of Appellate Court reversed.*

Mr. JUSTICE STONE, dissenting.